No. 2--95--0424

___________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

___________________________________________________________________

THE PEOPLE OF THE STATE  ) Appeal from the Circuit Court

OF ILLINOIS,                    )  of Du Page County.

                                )

Plaintiff-Appellee,        ) No. 94--CF--2250

                                )

v.                              )

                                )

WILLIAM G. DYCUS,               ) Honorable

                                )  Ronald B. Mehling,

Defendant-Appellant.       )  Judge, Presiding.

___________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

After a bench trial, defendant, William Dycus, was convicted of burglary (720 ILCS 5/19--1(a)(West 1994)), a Class 2 felony (720 ILCS 5/19--1(b)(West 1994)), and sentenced to seven years' imprisonment, the maximum nonextended term (see 730 ILCS 5/5--8--1(a)(5)(West 1994)).  On appeal, defendant argues that he is entitled to a new sentencing hearing because the trial judge  erroneously assumed that his felony record made him eligible for an extended sentence of 7 to 14 years.  We affirm.  

Defendant failed to raise this argument at the sentencing hearing or in his post-sentencing motion.  Generally, sentencing issues not raised at the trial level are waived on appeal.  See 
People v. Gilliam
,  172 Ill. 2d 484, 517-18 (1996).  Invocation of the waiver rule is especially appropriate here because defendant's failure to raise the issue at the trial level has deprived us of a satisfactory record from which to determine whether the court did indeed err.  Defendant's argument hinges on the assumption that his prior felony convictions in another jurisdiction are not of the same or a higher class as the Class 2 felony here.  However, on this limited record, we cannot say whether this assumption is correct.  Defendant himself admits that the record is inadequate to demonstrate that the trial court erred insofar as it considered these prior felonies adequate to trigger the extended-term statute.   However, even disregarding waiver, we believe defendant's argument is flawed and meritless.  We conclude the trial court correctly assumed that defendant was eligible for an extended sentence under section 5--5--3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5--5--3.2(b)(1) (West 1994)).  This provision allows an extended sentence "[w]hen a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction."  730 ILCS 5/5--5--3.2(b)(1)(West 1994).

Defendant concedes that, fewer than 10 years before his conviction here, he was convicted in Tennessee of armed robbery, a felony of a similar or greater class than the burglary conviction here.  However, he argues that basing an extended sentence on this conviction would amount to an improper double enhancement because the same conviction was already used under section 5--5--3(c)(2)(F) of the Unified Code of Corrections (730 ILCS 5/5--5--3(c)(2)(F)(West 1994)) to bar a sentence of probation.  Section 5--5--3(c)(2)(F) requires the court to impose at least the minimum prison term for a Class 2 or greater felony if the defendant has been convicted of a Class 2 or greater felony within 10 years of the date he committed the offense for which he is being sentenced.  730 ILCS 5/5--5--3(c)(2)(F)(West 1994).

The State replies in part that there is no double enhancement because defendant's armed robbery conviction is not the sole prior conviction that satisfies either section 5--5--3(c)(2)(F) or section 5--5--3.2(b)(1).  At the least, the State maintains, defendant has shown no error, as the seriousness of defendant's felony convictions in other jurisdictions is not evident from the record.  Thus, according to the State, we may assume that the trial court properly used the armed robbery conviction to enhance the sentence under one provision and used a separate felony conviction of Class 2 or higher to trigger the other provision.  Defendant concedes that it would be proper to use a distinct Class 2 or higher felony conviction to trigger each statutory enhancement.  However, he disputes the State's assertion that he has more than one prior felony conviction that occurred within 10 years of the burglary conviction here and is of a similar or greater class.

We need not determine which party is correct about the trial court's scorekeeping.  Even if defendant's armed robbery conviction was the only conviction to satisfy both sections 5--5--3.2(b)(1) and 5--5--3(c)(2)(F), the court did not err in assuming this one  conviction could be used both to bar probation and to impose an extended sentence.  This would be a 
permissible
 double enhancement. Controlling is 
Fitzsimmons v. Norgle
, 104 Ill. 2d 369 (1984), a case neither party cites.  In 
Fitzsimmons
, the supreme court considered whether the trial court could use a criminal defendant's prior conviction both to 
transfer the defendant's case from
 
juvenile court to adult court (see Ill. Rev. Stat. 1981, ch. 37,
 
par. 702--7(3)) and to trigger section 5--5--3(c)(2)(F).  Assuming 
arguendo
 that the juvenile transfer provision was an enhancing statute, the court rejected any claim that the use of the same conviction to trigger both enhancements was improper.  Observing that a penalty may be the result of a double enhancement if such was the legislature's intent, the court concluded that section 5--5--3(c)(2)(F) requires trial courts to deny probation to a defendant who has within 10 years been convicted of the same or a greater class felony.  Thus, the trial court had to apply section 5--5--3(c)(2)(F) even if the resultant penalty was the product of a double enhancement.  
Fitzsimmons
, 104 Ill. 2d at 373-74.

We believe that, under 
Fitzsimmons
, the possibility of a  double enhancement is no bar to applying section 5--5--3(c)(2)(F) where the defendant's record calls for it.  The legislature intended that a prior conviction could be used both to deny probation and to allow an extended sentence.  Where the legislature has clearly called for this possibility, we are not at liberty to use rules of construction to revise the statute in the direction of greater lenity. 
People v. Rissley
, 165 Ill. 2d 364, 390-91 (1995). 

Moreover, defendant's invocation of the rule against double enhancements is not a plausible reading of the legislature's intent.  Defendant insists that the fact that his recent conviction of a Class 2 or greater felony makes him ineligible for probation means that this felony conviction cannot also make him eligible for an extended term.  Section 5--5--3(c)(2)(F) and section 5--5--3.2(b)(1) have essentially similar preconditions; the former is specific to sentencing for a Class 2 felony, while the latter embodies the same principle more generally.  Where section 5--5--3(c)(2)(F) applies, section 5--5--3.2(b)(1) will also apply.  Surely, the legislature was aware of this fact; yet it nonetheless chose to state unequivocally that a single conviction may make a defendant eligible for an extended term.  Defendant in effect asks us to revise the extended-term statute by making it require two prior felony convictions of the same or greater class as the one for which the defendant is presently being sentenced.  Neither the plain language of the statutes nor a plausible view of legislative intent supports the contention that the legislature envisioned such leniency in sentencing repeat felony offenders.  That conclusion is particularly evident under the facts of this case, where defendant's extremely lengthy record made the denial of probation all but a foregone conclusion even absent section 5--5--3(c)(2)(F).   The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.