FIRST DIVISION
November 5, 2007

No. 1-06-0445

THE PEOPLE OF THE STATE OF ILLINOIS,     )     Appeal from the
                                         )     Circuit Court of
      Plaintiff-Appellee,                )     Cook County.
                                         )
           v.                            )
                                         )
CALVIN OWENS,                            )     Honorable
                                         )     Michael Brown,
      Defendant-Appellant.               )     Judge Presiding.


      JUSTICE WOLFSON delivered the opinion of the court:

      Aggravated unlawful use of a weapon is a Class 4 offense.

Because the defendant was charged with committing that offense

after having been convicted of delivery of a controlled

substance, the indictment accused him of a Class 2 offense.  He

was convicted of the Class 2 offense, but, through enhancement,

he was sentenced as a Class X offender.  This appeal challenges

the trial court's determination that the defendant was Class X

eligible.  For reasons that follow, we vacate the trial court's

sentencing order and remand the cause for a new sentencing

hearing.

FACTS

      On May 27, 2005, defendant was charged with aggravated

unlawful use of a weapon (aggravated UUW) and unlawful use of a

weapon by a felon.  The aggravated UUW indictment alleged

defendant had previously been found guilty of a felony under case

1-06-0445

number 97 CR 32675 (delivery of a controlled substance), which enhanced the severity of the charge from a Class 4 felony to a Class 2 felony. See 720 ILCS 5/24-1.6(d) (West 2004). Defendant was found guilty on both counts. Defendant does not challenge his conviction on appeal.

During the sentencing hearing, the State introduced "three other certified statements of conviction." They were not included in the record on appeal. The PSI report indicates defendant had two Class 2 or higher felony convictions: for delivery of a controlled substance and for narcotics possession. The PSI report also lists several Class 3 and Class 4 felony convictions. The State asserted defendant's criminal background made him "class X mandatory."

During mitigation, defense counsel stressed defendant's history of employment and support of his children. Defense counsel said "this case is already enhanced, so we would ask that you sentence him to the minimum." When the trial court asked counsel what she meant by "already enhanced," she answered: "Well, normally a class 2 is a range of 3 to 7. Because of some previous convictions he's mandatory and has sentencing so we would ask you to sentence him to the minimum."

The trial court held defendant was "eligible for class X sentence" because of his prior criminal history. After merging

1-06-0445

the counts, the trial court sentenced defendant to a seven-year prison term. The court did not say which convictions it considered in determining defendant's Class X eligibility. The mittimus indicates defendant was sentenced to seven years for the Class 2 felony of "AGG UUW/VEH/PREV Conviction." The mittimus did not indicate he was sentenced as a Class X offender. Defendant's motion to reconsider sentence did not challenge his eligibility for Class X sentencing.

DECISION

Defendant contends the trial court erred in determining he was eligible for Class X sentencing. Defendant contends the court's finding relied on either an impermissible double enhancement, or an insufficient number of Class 2 or greater felony convictions.

Initially, the State contends defendant forfeited this issue by failing to object during the sentencing hearing or raise the issue in his motion to reconsider sentence. See People v. Dycus, 291 Ill. App. 3d 14, 15, 683 N.E.2d 200 (1997). While we recognize defendant did not properly preserve the issue for review, we note that, pursuant to Supreme Court Rule 615(a), plain errors or defects affecting substantial rights may be addressed on review even when not properly preserved. 134 Ill. 2d R. 615(a). "Sentencing issues are regarded as matters

1-06-0445

affecting a defendant's substantial rights and are thus excepted from the doctrine of waiver." People v. Baaree, 315 Ill. App. 3d 1049, 1050, 735 N.E.2d 720 (2000).

Section 5-5-3(c)(8) of the Unified Code of Corrections (Code) provides:

> "When a defendant over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender."
> 730 ILCS 5/5-5-3(c)(8) (West 2004).

A double enhancement occurs when either: "(1) a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or (2) the same factor is used twice to elevate the severity of the offense itself." People v. Guevara, 216 Ill. 2d 533, 545, 837 N.E.2d 901 (2005), citing People v. Phelps, 211 Ill. 2d 1, 11-13, 809 N.E.2d 1214 (2004). A double enhancement

-4-

is not improper, however, if the legislature clearly expresses an intent to allow double enhancement.  Phelps, 211 Ill. 2d at 15.

In People v. Hobbs, 86 Ill. 2d 242, 427 N.E.2d 558 (1981), the defendant's misdemeanor theft conviction was enhanced to a Class 4 felony based on a prior felony theft conviction.  The same prior felony theft conviction was used to impose an extended term sentence under section 5-5-3.2(b) of the Code.  Because the prior felony theft conviction was an element of the current felony theft charge, serving to enhance the offense from a misdemeanor to a felony, the court concluded the use of the same prior felony conviction to impose an extended sentence constituted an impermissible double enhancement.  Hobbs, 86 Ill. 2d at 246.  The court held the use of the same prior conviction violated section 5-5-3.2(b)'s requirement that the charges used to enhance a sentence must be "separately brought and tried and arise out of different series of acts."  Hobbs, 86 Ill. 2d at 246.

Although the State concedes the trial court engaged in double enhancement in this case, it contends double enhancement is proper when determining eligibility for Class X sentencing because it is specifically authorized by the legislature in section 5-5-3(c)(8).  Given the mandatory nature of Class X sentencing, the State contends there is sufficiently clear

1-06-0445

legislative intent to permit double enhancement in this type of case.  See People v. Thomas, 171 Ill. 2d 207, 222, 664 N.E.2d 76 (1996) ("We believe the appellate court correctly found the legislature intended the phrase 'defendant shall be sentenced as a Class X offender' to have a mandatory meaning, precluding any exceptions.")

We find Thomas does not support the State's contention.  In Thomas, the court upheld Hobbs but limited its application to "situations where the same prior conviction is used both to enhance the class of an offense and to enhance the punishment for that offense."  Thomas, 171 Ill. 2d at 226.  Hobbs did not address the issue presented in Thomas: whether a sentencing court's use of a prior conviction to impose a Class X sentence precludes the court from considering the same prior conviction as an aggravating factor under section 5-5-3.2(a)(3).

Contrary to the State's contention, we find nothing in the statutory language of section 5-5-3(c)(8) of the Code expressly indicates the legislature intended double enhancement to be permissible in Class X sentencing.

Here, the record reflects defendant had only two prior Class 2 or higher felony convictions--convictions for delivery of a controlled substance and for possession of a controlled substance.  Similar to Hobbs, the use of the same felony to

1-06-0445

enhance both the class of the aggravated UUW offense and the punishment for that offense amounted to an impermissible double enhancement. See Thomas, 171 Ill. 2d at 226; Hobbs, 86 Ill. 2d at 246.

Although the trial court did not specifically indicate which prior convictions it used to determine Class X eligibility, it is clear from the record before us that the trial court either relied on an insufficient number of Class 2 or greater felony convictions, or relied on an impermissible double enhancement to find defendant eligible for Class X sentencing. Either way, we find the court erred in determining defendant was eligible for Class X sentencing. See 730 ILCS 5/5-5-3(c)(8) (West 2004); Hobbs, 86 Ill. 2d at 246.

We recognize defendant's seven-year sentence still fell within the permissible sentencing range for a Class 2 felony. See 730 ILCS 5/5-8-1(a) (West 2004). However, "even if a sentence imposed under a wrong sentencing range fits within a correct sentencing range, the sentence must be vacated due to the trial court's reliance on the wrong sentencing range in imposing the sentence." People v. Brooks, 202 Ill. App. 3d 164, 172, 559 N.E.2d 859 (1990).

We urge the trial court to make specific findings concerning the convictions used to enhance the class of the offense and the

sentence imposed on that enhanced offense.  A passing reference to the presentence investigation report, without more, offers little guidance for our review.

Accordingly, we vacate the trial court's sentencing order and remand the cause for a new sentencing hearing.  We also order the court on remand to correct the mittimus to reflect the proper offense.

Vacated and remanded.

CAHILL, P.J., and R. GORDON, J., concur.