THIRD DIVISION
February 20. 2008

No. 1-06-2954


THE PEOPLE OF THE STATE OF ILLINOIS,   )    Appeal from the
                                       )    Circuit Court of
        Plaintiff-Appellee,            )    Cook County.
                                       )
             v.                        )
                                       )
DWAYNE CHANEY                          )    Honorable
                                       )    John A. Wasilewski,
        Defendant-Appellant.           )    Judge Presiding.


        PRESIDING JUSTICE QUINN delivered the opinion of the court:

        Defendant Dwayne Chaney was charged in a six-count

indictment with two counts of unlawful possession of a weapon by

a felon (720 ILCS 5/24-1.1 (West 2004)) and four counts of

aggravated unlawful use of a weapon (720 ILCS 5/24-1.6 (West

2004)).  Due to his prior criminal history, the charges against

him constituted Class 2 felonies.  Following a bench trial,

defendant was convicted on two counts of unlawful use of a weapon

by a felon and two counts of aggravated unlawful use of a weapon,

which were merged with the first two counts.  At sentencing, the

court noted defendant's prior criminal history, and thereafter

sentenced him as a Class X offender to two concurrent terms of

1-06-2954

seven years' imprisonment.  On appeal, defendant contends that he was subjected to improper double enhancement of his sentences where the same prior conviction was used to first elevate the seriousness of the charged offenses and later used to increase the classification of his sentence.  We agree.  We vacate the sentencing order and remand this case for resentencing.

BACKGROUND

The evidence adduced at trial shows that about 3 p.m. on June 30, 2005, off-duty police officer Millaun Brown was in his home at 7221 South Hermitage Avenue in Chicago when he heard 12 to 15 gunshots.  Officer Brown then went outside and saw five or six black males dressed in white T-shirts and jeans running northbound on Hermitage toward him.  Officer Brown did not recognize the men, but he testified that they were shouting his name and carrying guns in their hands.

As the men ran past, Officer Brown pulled out his gun and displayed his police badge.  He then looked southbound and saw defendant running toward him with a gun in his hand.  Officer Brown ordered defendant to stop and drop his gun.  In response, defendant stopped in front of the house next to Officer Brown's home.  Although defendant testified at trial that he did not have a gun, Officer Brown testified that he recovered defendant's gun

after defendant tossed it to the side.

As defendant lay on the ground, Officer Brown yelled for his neighbors to call 9-1-1. Thereafter, Officers Aceves and Leonard arrived and placed defendant in custody. Officer Brown handed defendant's .45-caliber handgun to Officer Aceves. The gun had a bullet jammed in its chamber, which indicated that it misfired, and a clip with three unfired rounds. Officer Aceves later inventoried the gun and ammunition. Defendant admitted to Officer Aceves that he did not have a firearms owner's identification card.

Subsequently, defendant was indicted on six counts. Counts I and II resulted from defendant's unlawful possession of a weapon by a felon, which stemmed from his possession of a handgun (720 ILCS 5/24-1.1 (West 2004)) and ammunition (720 ILCS 5/24-1.1 (West 2004)), respectively. Counts III through VI pertained to aggravated unlawful use of a weapon (720 ILCS 5/24-1.6 (West 2004)).

During a pretrial conference on defendant's bond, the assistant State's Attorney (ASA) argued that defendant was subject to mandatory Class X felony sentencing if convicted based on two prior Class 2 felony convictions from 2000 and 2001 for violations of the Illinois Controlled Substances Act (720 ILCS 570/100 et seq. (West 2004)).

1-06-2954

At trial, the State introduced a certified copy of conviction, which showed that defendant had been previously convicted of delivery of an controlled substance on February 26, 2001. The conviction also constituted a violation of his probation from a March 2000 conviction for possession of a controlled substance. The ASA further commented, "For the limited purpose of satisfying the element of the charge." Defendant stipulated to the conviction, and it was admitted into evidence. The record is devoid of that document.

Following the parties' closing arguments, the trial court found defendant guilty on counts I and II, unlawful use of a weapon by a felon, and counts III and V, aggravated unlawful use of a weapon, which merged with the first two counts. The trial court identified counts I and II as Class 2 felonies.

At sentencing, defendant presented mitigating evidence such as his recent employment as a construction worker. Subsequently, the court delivered defendant's sentence as follows:

"All right. Well, number one as far as the prior convictions, the law requires me to sentence you as a Class X offender. This is your third Class 2 or greater conviction and the law -- the Legislature has decided that any person in that circumstance is to be

-4-

1-06-2954

sentenced as a Class X offender.  I am required to do that.  Now, I have entered judgment on the finding of guilty.  I entered it actually -- I merged a lot of the counts into Count 1 which is the UUW by a felon and Count 2 which is also UUW by a felon for bullets.  One is the gun and one is the bullets because the gun doesn't have to be loaded in an unlawful use of a weapon by a felon charge.

I have considered the facts of this case, those matters in aggravation and mitigation; both the statutory factors in aggravation and mitigation as pointed out to me by the parties.  I also considered the arguments and the statements made by the parties and based on everything involved, it's the sentence order of this Court that you serve a period of seven years in the Illinois Department of Corrections.  These sentences are to run concurrent to each other; at the same time."

The court then awarded defendant 43 days' credit for pretrial

1-06-2954

incarceration.

Thereafter, defendant filed a motion to reconsider and for a new trial, which the circuit court denied.  Defendant did not file a motion to challenge his sentence.  That said, defendant now appeals his sentence.


ANALYSIS

The sole issue before this court is whether the circuit court erroneously subjected defendant to double enhancement by using his previous Class 2 felony convictions to elevate the seriousness of the charged offenses in the case at bar, unlawful use of a weapon by a felon, to Class 2 felonies and then used the same prior convictions to sentence defendant as a Class X felon. Although the imposition of a sentence is a matter within the trial court's discretion (People v. Jones, 168 Ill. 2d 367, 373 (1995)), this issue involves a question of law, and thus, we review defendant's sentence *de novo*.

We first note that defendant neither objected to his sentence at sentencing nor filed a posttrial motion to reconsider his sentence.  Rather, he waited until appeal to raise this issue for the first time.  As such, the State argues that defendant waived this issue.  People v. Reed, 177 Ill. 2d 389, 391 (1997). Defendant responds that the sentence was void and thus is

1-06-2954

reviewable at anytime.  In the alternative, defendant invokes the plain error doctrine pursuant to Supreme Court Rule 615(a)(134 Ill. 2d R. 615(a)) and contends that his counsel provided ineffective assistance by not objecting to the sentence.

Although defendant failed to properly preserve this issue for appeal, our supreme court has recognized that a sentence, or a portion thereof, that is not authorized by statute is void. People v. Thompson, 209 Ill. 2d 19, 23 (2004).  In Thompson, our supreme court noted that the defendant was convicted of two offenses of differing classes.  The court then held:

> "Pursuant to section 5-8-2(a) of the Code,
> the circuit court could impose an extended-
> term sentence only on the greater offense,
> *i.e.*, aggravated battery.  Accordingly, the
> extended-term sentence imposed on the order
> of the protection conviction was unauthorized
> by statute and void."  Thompson, 209 Ill. 2d
> at 24.

The court further stated:

> "We have very recently reiterated that
> a sentence which does not conform to a
> statutory requirement is void.  People v.
> Pinkonsly, 207 Ill. 2d 555, 569 (2003),

-7-

1-06-2954

quoting People v. Arna, 168 Ill. 2d 107, 113 (1995). As the circuit court here lacked the statutory authority to impose an extended-term sentence on the conviction for violation of an order of protection, the extended-term sentence is void.

We now turn to the question of whether the defendant may challenge the void order in this appeal. It is a well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally." Thompson, 209 Ill. 2d at 24-25.

In the case at bar, even though defendant's sentence fell within the statutory parameters of 3 to 14 years, his sentence as a Class X felon does not conform to the statute and thus is void. As such, we review this issue pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)).

Section 5-5-3(c)(8) of the Unified Code of Corrections (Code) states:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in

-8-

any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender."

730 ILCS 5/5-5-3(c)(8) (West 2004).

Our supreme court has stated that double enhancement occurs in one of two situations: (1) where the same factor constitutes an element of the offense and serves as a basis for imposing a harsher sentence than otherwise would have been imposed; or (2) where the same factor is used twice to elevate the seriousness of the offense itself. People v. Phelps, 211 Ill. 2d 1, 12-13 (2004). That said, a double enhancement is not erroneous where the legislature clearly expresses an intent to allow double enhancement. Phelps, 211 Ill. 2d at 15.

The parties agree that defendant had two prior convictions for violations of section 401(d) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(d) (West 2004)). That section provides in pertinent part:

"Any person who violates this Section with regard to any other amount of a

controlled or counterfeit substance
classified in Schedules I or II, or an analog
thereof, which is (i) a narcotic drug *** is
guilty of a Class 2 felony."  720 ILCS
570/401(d) (West 2004).

In the case at bar, defendant was convicted of unlawful use of a weapon by a felon pursuant to section 24-1.1(a) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(a) (West 2004)). Section 5-24-1.1(e) provides in pertinent part:

"Sentence.  Violation of this Section by
a person not confined in a penal institution
shall be a Class 3 felony for which the
person, if sentenced to a term of
imprisonment, shall be sentenced to no less
than 2 years and no more than 10 years.
Violation of this Section by a person not
confined in a penal institution who has been
convicted of a forcible felony, a felony
violation of Article 24 of this Code or of
the Firearm Owners Identification Card Act,
stalking or aggravated stalking, or a Class 2
or greater felony under the Illinois
Controlled Substances Act or the Cannabis

1-06-2954

> Control Act is a Class 2 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to not less than 3 years and not more than 14 years."
>
> 720 ILCS 5/24-1.1(e) (West 2004).

Although unlawful use of a weapon would normally constitute a Class 3 felony (720 ILCS 5/24-1.1(e) (West 2004)), defendant's prior convictions for Class 2 felonies under the Act (720 ILCS 570/100 et seq. (West 2004)) resulted in the offenses in the case at bar constituting Class 2 felonies (720 ILCS 5/24-1.1(e) (West 2004)). Accordingly, defendant has been convicted of a Class 2 felony on three separate occasions.

Based on defendant's present conviction constituting a Class 2 felony conviction, the State argues that section 5-5-3(c)(8) of the Code mandated the trial court to sentence defendant as a Class X felon. Defendant counters that the same prior offenses cannot be used to first increase the classification of his present offense and then increase the classification of his sentence. In his appellate brief, defendant asserts that since his possession of a weapon would have constituted aggravated unlawful use of a weapon, a Class 4 felony pursuant to section 24-1.6(a) of the Criminal Code (720 ILCS 5/24-1.6(a) (West 2004)), absent his prior convictions, his indictment for unlawful

-11-

1-06-2954

use of a weapon by a felon constituted an enhancement.

An argument nearly identical to defendant's contention was rejected by our supreme court in People v. Gonzalez, 151 Ill. 2d 79 (1992), where the court affirmed a defendant's extended-term sentence imposed pursuant to section 5-5-3.2(b)(1) of the Code on the defendant's conviction for unlawful use of a weapon by a felon. The court explained in pertinent part:

"[S]ections 24-1 and 24-1.1 create separate, independent offenses. In enacting section 24-1.1, the legislature determined it should be criminal for a felon to possess *any* firearm, in *any* situation. In enacting section 24-1, the legislature decided that it should be a crime for persons other than those exempted by section 24-2 to possess *certain* weapons, in *certain*, *defined manners*. Accordingly, under this scheme, it is *always* a felony offense for a *felon* to possess a firearm even though a nonfelon who possesses the same firearm in the same manner may be guilty of only a misdemeanor or of no crime at all, depending on the facts.

We therefore conclude that section 24-

-12-

1.1 is *not* merely an 'upgraded' version of the offense created by section 24-1; rather, it is a separate, distinct offense. The fact that the offender must be a convicted felon is merely an element of the crime, it is not an 'enhancement' provision. Defendant's contention that his crime was a felony solely because it was 'upgraded' or 'enhanced' is therefore incorrect.

Accordingly, we reject defendant's argument that section 5-5-3.2(b)(1) [permitting extended-term sentenced] cannot be applied to a conviction for unlawful use of a weapon by a felon. We hold that section 5-5-3.2(b)(1) applies to convictions obtained under section 24-1.1 in the same manner as it applies to all other felonies." (Emphasis in original.) Gonzalez, 151 Ill. 2d at 87-88.

In addition to Gonzalez, the State relies upon the holding in People v. Thomas, 171 Ill. 2d 207 (1996). There the supreme court reversed the appellate court's holding that the use of the defendant's prior two felony convictions to classify him as a Class X felon pursuant to section 5-5-3(c)(8) and also

1-06-2954

considering the same convictions as an aggravating factor in sentencing the defendant beyond the six-year minimum term constituted double enhancement.  Therein the court stated:

> "Contrary to the appellate court's finding, the instant case does not involve a double enhancement.  Section 5-5-3(c)(8) does not elevate the class of a crime, but merely sets forth criteria under which a defendant shall be sentenced according to the guidelines for a Class X felon.  See <u>People v. Jameson</u>, 162 Ill. 2d 282, 290 (1994) (under section 5-5-3(c)(8), a defendant's sentence is increased because of prior felony convictions, but the classification of offense with which the defendant is charged and convicted remains the same).  Under this statute, the legislature manifested its intent to subject certain defendants convicted of Class 1 and Class 2 felonies to an enhanced sentencing range of from 6 to 30 years.  Therefore, defendant's *offense* was not enhanced from a Class 1 to a Class X felony; he was simply subject to a single

-14-

1-06-2954

> punishment enhancement to the Class X range."
>
> (Emphasis in original and omitted.) <u>Thomas</u>,
>
> 171 Ill. 2d at 224.

The defendant in <u>Thomas</u> had been convicted of second degree murder, a Class 1 felony. Like defendant at bar, he had been previously convicted of two separate Class 2 felonies. However, the defendant's second degree murder conviction constituted a Class 1 felony with no consideration of the defendant's prior Class 2 convictions. In the instant case, defendant's conviction for unlawful use of a weapon by a felon constituted a Class 2 felony only because of his prior Class 2 felony convictions under the Act. 720 ILCS 5/24-1.1(e) (West 2004).

In a motion to cite additional authority, the defendant asks us to consider the recent decision in <u>People v. Owens</u>, 377 Ill. App. 3d 302 (2007). There, the first division of the First District considered whether a defendant who had been convicted of aggravated unlawful use of a weapon (720 ILCs 5/24-1.6 (West 2004)) was required to be sentenced as a Class X offender where he, similar to defendant at bar, had been previously sentenced for two prior Class 2 convictions. Section 24-1.6(d) of the Criminal Code (720 ILCS 5/24-1.6(d) (West 2004)) provides:

> "Sentence. Aggravated unlawful use of a
>
> weapon by a person who has been previously

-15-

convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years."

The Owens court discussed our supreme court's holding in People v. Hobbs, 86 Ill. 2d 242 (1981), which held a trial court's use of a prior felony conviction to first increase the defendant's current conviction from a misdemeanor to a Class 4 felony and then use the same prior conviction to impose an extended-term sentence under section 5-5-3.2(b) of the Code constituted improper double enhancement. The court then set forth the same argument that the State proffers in the case at bar. The court framed the State's argument as follows:

"Although the State concedes the trial court engaged in double enhancement in this case, it contends double enhancement is proper when determining eligibility for Class X sentencing because it is specifically authorized by the legislature in section 5-5-3(c)(8). Given the mandatory nature of Class X sentencing, the State contends there is sufficiently clear legislative intent to

1-06-2954

permit double enhancement in this type of

case." Owens, 377 Ill. App. 3d at 304-05.

The first division noted that the State relied on Thomas, 171 Ill. 2d at 207, which "upheld Hobbs but limited its application to 'situations where the same prior conviction is used both to enhance the class of an offense and to enhance the punishment for that offense.' Thomas, 171 Ill. 2d at 226." Owens, 377 Ill. App. 3d at 305. The first division concluded:

"[W]e find nothing in the statutory

language of section 5-5-3(c)(8) *** expressly

indicates [that] the legislature intended

double enhancement to be permissible in Class

X sentencing.

Here, the record reflects defendant had

only two prior Class 2 or higher felony

convictions-convictions for delivery of a

controlled substance and for possession of a

controlled substance. Similar to *Hobbs*, the

use of the same felony to enhance both the

class of the aggravated UUW offense and the

punishment for that offense amounted to an

impermissible double enhancement." Owens,

377 Ill. App. 3d at 305.

-17-

1-06-2954

We agree with the reasoning in <u>Owens</u>.  We further note that in <u>Gonzalez</u>, the court held that a trial court's authority to sentence a defendant to an extended term pursuant to section 5-5-3.2(b)(1) is

> "limited, of course, by the general prohibition against using the same factor both as an element of the offense and as an aggravating factor at sentencing. [Citation.] Thus, section 5-5-3.2(b)(1) could not be permissibly applied where the *same* prior felony conviction is used both to establish the offense *and* to impose the extended term. However, as discussed, that did not occur here."  (Emphasis in original.) <u>Gonzalez</u>, 151 Ill. 2d at 88.

The defendant in <u>Gonzalez</u> had multiple prior felony convictions, only one of which was used to establish the offense.

Here, as in <u>Owens</u>, the defendant only had two prior Class 2 convictions.  Consequently, at least one of these prior felony convictions was used both to establish the offense as a Class 2 felony and then also used to impose Class X sentencing.  This constitutes an impermissible double enhancement pursuant to <u>Gonzales</u>, <u>Hobbs</u>, and <u>Owens</u>.

1-06-2954

## CONCLUSION

Accordingly, we vacate the trial court's sentencing order and remand this case for a new sentencing hearing, where the court is to sentence defendant to a term of imprisonment of not less then 3 years and not more than 14 years pursuant to section 24-1.1(e) of the Criminal Code (720 ILCS 5/24-1.1(e) (West 2004)). In addition, pursuant to People v. Tolliver, 363 Ill. App. 3d 94 (2006), the trial court should merge counts I and II. Finally, we deny defendant's request to set a bond.

Sentence vacated and remanded with instructions.

THEIS and CUNNINGHAM, JJ., concur.