Filed 5/13/10          NO. 4-08-0752

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )  Appeal from
         Plaintiff-Appellee,          )  Circuit Court of
         v.                           )  Vermilion County
DENNIS GRIHAM,                        )  No. 08CF242
         Defendant-Appellant.         )
                                      )  Honorable
                                      )  Nancy S. Fahey,
                                      )  Judge Presiding.
_____

JUSTICE KNECHT delivered the opinion of the court:

On August 20, 2008, a jury convicted defendant, Dennis Griham, of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)). The offense was elevated to a Class 2 felony (720 ILCS 5/24-1.1(e) (West 2008)) due to defendant's 1996 Class 2 felony conviction under the Controlled Substances Act (720 ILCS 570/401(d) (West 1996)). Defendant also has a 1997 Class 2 felony burglary conviction and a 1993 Class 3 felony conviction for unlawful possession of a weapon by a felon. On October 3, 2008, the trial court sentenced defendant to 25 years' imprisonment as a Class X offender based upon defendant's pair of prior Class 2 felony convictions. 730 ILCS 5/5-5-3(c)(8) (West 2008).

Defendant appeals, arguing (1) his conviction should be reversed because the State failed to prove guilt beyond a reasonable doubt since both eyewitnesses recanted their earlier state-

ments, and (2) the sentence was an improper double enhancement.

We affirm in part, vacate in part, and remand with directions.

## I. BACKGROUND

On May 1, 2008, Danville police responded to a call reporting a man with a gun in a gray Jeep. Defendant matched the description of the gunman given to the police. Police confronted defendant while he was sitting in a gray Jeep parked on the street in front of his home. Defendant's home was approximately six blocks from the location where the gunman was originally reported. When the police told defendant to stop, he responded by running into his home. Defendant's wife allowed police into the home, where defendant was found hiding in the attic. Defendant was arrested. Police searched the home and Jeep, but no gun was found.

That same day, Travis Lester gave a recorded statement to the police stating defendant threatened him with a handgun in his driveway. In his recorded statement, Travis said while defendant pointed a handgun at him, defendant stated if Travis's brother or cousin testified in court against defendant's friends regarding an earlier robbery, there "was gonna be some bloodsheddin'." Paulette Lester, Travis's sister, also gave a recorded statement to police on May 1, 2008. In her recorded statement, Paulette said she saw defendant pull a handgun on

Travis.

At trial, the recorded statements of both Travis and Paulette were admitted into evidence and played for the jury. In his actual trial testimony, Travis stated he had never seen defendant in possession of a handgun. When impeached with portions of his recorded statement, Travis repeatedly answered he did not remember saying such things earlier. In her trial testimony, Paulette stated the handgun possessed by defendant was a toy and not a real firearm. Paulette had never previously made such a claim.

On this evidence, the jury convicted defendant as stated. At the October 2008 sentencing hearing, defendant told the court, "I did not know I was *** facing 6 to 30 years. I would have [accepted a plea bargain] if I'd [known] that [I could] be enhanced to [a] Class X felony." Defendant was sentenced to 25 years' imprisonment.

This appeal followed.

## II. ANALYSIS

### A. Reasonable-Doubt Challenge

Defendant argues he was not proven guilty beyond a reasonable doubt because both eyewitnesses recanted their earlier statements at trial.

When reviewing the sufficiency of the evidence, we will not reverse a conviction where when viewing the evidence in the

light most favorable to the State, any rational finder of fact could have found the defendant guilty beyond a reasonable doubt. People v. Ross, 229 Ill. 2d 255, 272, 891 N.E.2d 865, 876 (2008).

We conclude the jury in this case could have found the prior inconsistent recorded statements of Travis and Paulette were more believable than their testimony at trial. See People v. Curtis, 296 Ill. App. 3d 991, 999-1000, 696 N.E.2d 372, 378-79 (1998). The jury could have believed Travis and Paulette changed their testimony solely in response to threats by defendant or persons wishing to help defendant avoid conviction.

### B. Improper Double Enhancement

Defendant also argues, for the first time on appeal, his sentence was an improper double enhancement because the same 1996 Class 2 felony conviction under the Controlled Substances Act was used both to elevate the instant charge to a Class 2 felony and to enhance his sentence as a Class X offender. Defendant requests vacature of his Class X sentence and remand for resentencing within the 3- to 14-year Class 2 penalty range (720 ILCS 5/24-1.1(e) (West 2008)).

The information charging defendant only mentions the 1996 Class 2 felony conviction under the Controlled Substances Act. Defendant is correct, the same conviction was used to establish guilt and enhance his sentence. People v. Gonzalez, 151 Ill. 2d 79, 86, 600 N.E.2d 1189, 1192 (1992). Defendant was

- 4 -

sentenced as a Class X offender because he had a 1997 Class 2 burglary conviction and the 1996 Class 2 conviction under the Controlled Substances Act.

The State argues defendant's 1993 felony conviction for unlawful possession of a weapon by a felon is sufficient to elevate the instant conviction to a Class 2 felony. Thus, use of the 1997 Class 2 burglary conviction and 1996 Class 2 conviction under the Controlled Substances Act to then sentence defendant as a Class X offender would not be an improper double enhancement because the Controlled Substances Act conviction was not needed to establish guilt. Defendant counters the State should be bound by the exact wording of the charge in the information.

A double enhancement is not improper if the legislature clearly expresses an intent to allow it. People v. Owens, 377 Ill. App. 3d 302, 304, 878 N.E.2d 1189, 1191-92 (2007). However, the First District has held "nothing in the statutory language of section 5-5-3(c)(8) of the [Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West 2008))] expressly indicates the legislature intended double enhancement to be permissible in Class X sentencing." Owens, 377 Ill. App. 3d at 305, 878 N.E.2d at 1192; see also People v. Chaney, 379 Ill. App. 3d 524, 532, 884 N.E.2d 783, 789 (2008).

Defendant was not eligible to be sentenced as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code

because the State chose to use one of defendant's two prior Class 2 felony convictions to enhance his current offense from a Class 3 to a Class 2 felony.  This same conviction could not also be used to make him eligible for Class X sentencing, as this would result in an impermissible double enhancement.  See People v. Thomas, 171 Ill. 2d 207, 223, 664 N.E.2d 76, 85 (1996) ("Double enhancement occurs when a factor already used to enhance an offense or penalty is reused to subject a defendant to a further enhanced offense or penalty");  People v. Hobbs, 86 Ill. 2d 242, 427 N.E.2d 558 (1981).  A sentence outside the statutorily permissible range is void and subject to attack at any time, regardless of whether a motion to reconsider was filed.  People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995); People v. Rankin, 297 Ill. App. 3d 818, 821, 697 N.E.2d 1246, 1248 (1998).

The State charged defendant by information with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)).  The information alleged defendant had been convicted of a Class 2 or greater felony under the Controlled Substances Act.  Before a trier of fact could find defendant guilty of unlawful possession of a weapon by a felon, the State had to meet an essential element of the offense, proving defendant was a convicted felon.  People v. Adams, 388 Ill. App. 3d 762, 766, 903 N.E.2d 892, 896-97 (2009).  The State chose to do so by estab-

lishing defendant had a 1996 felony conviction under the Controlled Substances Act. The State introduced no evidence to the jury in an attempt to prove defendant had a 1993 felony conviction for unlawful possession of a weapon by a felon. Needless to say, the jury never found defendant had that 1993 felony conviction beyond a reasonable doubt. If the State had intended to enhance defendant's charge from a Class 3 to a Class 2 felony because of his 1993 felony conviction for unlawful possession of a weapon by a felon, section 111-3(c) of the Code of Criminal Procedure of 1963 required the State to not only state its intention of increasing the classification of his offense based on a prior conviction but to also "state such prior conviction so as to give notice to the defendant." 725 ILCS 5/111-3(c) (West 2008). The State did not do so.

Further, while in most instances, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury (725 ILCS 5/111-3(c) (West 2008)), the case before us is one of those few instances where the defendant's prior conviction is actually an element of the offense and must be proved to the jury beyond a reasonable doubt. Defendant was charged with unlawful possession of a firearm by a felon. The State charged and proved defendant was a felon as a result of his 1996 Class 2 felony conviction. The jury was instructed it had to find

- 7 -

defendant was convicted of the 1996 Class 2 felony before it could convict. That felony, since it was used to enhance the underlying offense, was no longer available to enhance defendant's sentence to a Class X. This court has no authority to insert itself into the State's Attorney's charging decision.

Because the State chose to enhance the classification of defendant's offense from a Class 3 felony to a Class 2 felony with his 1996 conviction under the Controlled Substances Act, it could not use that same conviction to qualify defendant for Class X sentencing under section 5-5-3(c)(8) of the Unified Code (730 ILCS 5/5-5-3(c)(8) (West 2008)). As a result, we vacate defendant's Class X sentence and remand this case to the trial court with directions to sentence defendant to between 3 and 14 years in prison, the special penalty range established for the offense (720 ILCS 5/24-1.1(e) (West 2008)).

### III. CONCLUSION

For the reasons stated, we affirm defendant's conviction, vacate defendant's Class X sentence, and remand with directions to sentence defendant to between 3 and 14 years in prison. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed in part and vacated in part; cause remanded with directions.

STEIGMANN and POPE, JJ., concur.