# Illinois Official Reports

## Appellate Court

---

*People v. Hall*, **2014 IL App (1st) 122868**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS HALL, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-2868 |
| Filed | October 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's *pro se* postconviction petition as frivolous and patently without merit was affirmed by the appellate court, but based on the argument properly raised by defendant for the first time in his appeal from the dismissal of his postconviction petition that he was subjected to an improper double enhancement of his sentence, his sentence was vacated and the cause was remanded for resentencing, since the argument that his sentence was void could be raised at any time, and in defendant's case, his prior conviction for aggravated criminal sexual assault was improperly used as an element of the charged offense of violating the Sex Offender Registration Act and as one of his two prior felony convictions that made him eligible for Class X sentencing; furthermore, the issue was not rendered moot on the ground that defendant had completed his imprisonment and was serving a term of mandatory supervised release, because that term is considered a part of his sentence, and under the circumstances, defendant would be subject to a two-year term rather than the three-year term applicable to a Class X sentence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-7457; the Hon. Carol A. Kipperman, Judge, presiding. |
| Judgment | Affirmed in part; vacated in part; remanded for resentencing. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Lauren A. Bauser, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Jeffrey Allen, and Heather Fahrenkrog, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Delort and Justice Connors concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant Thomas Hall appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)). On appeal, defendant contends that he was subject to an improper double enhancement at sentencing because a prior conviction was used both as an element of the instant offense and to find him eligible for a Class X sentence. Defendant acknowledges that he did not include this issue in his *pro se* postconviction petition, but argues that his sentence is void, and thus, this issue may be raised at any time. We agree with defendant and remand for a new sentencing hearing.

¶ 2 In 2010, defendant was charged by indictment with violating section 6 of the Sex Offender Registration Act (Act) (730 ILCS 150/6 (West 2008)), in that he, having been previously convicted of an aggravated criminal sexual assault and having previously been convicted of a violation of the Act, knowingly failed to report and register in person to the appropriate law enforcement agency with whom he had last registered no later than 90 days after his last registration and every 90 days thereafter. Defendant was charged with a Class 2 felony because he had previously been convicted of a violation of the Act in case number 05 CR 13203. Following a bench trial, defendant was found guilty. At sentencing, the State asked that defendant be sentenced as a Class X offender based upon prior Class 2 convictions for aggravated criminal sexual assault in case number 92 CR 27522 and driving under the influence of alcohol in case number 05 CR 013203. Ultimately, defendant was sentenced, because of his background, to a Class X sentence of seven years in prison.

¶ 3 On direct appeal, this judgment was affirmed, and defendant's mittimus was corrected. See *People v. Hall*, 2012 IL App (1st) 102908-U. In August 2012, defendant filed the instant *pro se* postconviction petition. The circuit court summarily dismissed the petition as frivolous and patently without merit. It is from this judgment that defendant appeals.

¶ 4 On appeal, defendant contends for the first time that the trial court erred when it sentenced him as a Class X offender because his prior conviction for aggravated criminal sexual assault

in case number 92 CR 27522 was used both as an element of the instant offense and as the basis to find him eligible for a Class X sentence.

¶ 5    Initially, the State responds that even if defendant was subject to an improper double enhancement, the issue is moot because defendant has completed his term of imprisonment and is currently serving a term of mandatory supervised release (MSR). We disagree.

¶ 6    This court has held that a challenge to the length of a prison term is not moot if it is brought before the defendant has completed his term of MSR (*People v. Lieberman*, 332 Ill. App. 3d 193, 196 (2002)), because a defendant's term of MSR is considered to be part of his sentence (*People v. Whitney*, 368 Ill. App. 3d 678, 681 (2006)). See also *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 10 (a challenge to the validity of an imposed sentence becomes moot once the entire sentence has been served). In the case at bar, defendant is currently serving a three-year term of MSR in the custody of the Department of Corrections. Upon resentencing for the Class 2 felony of failure to register, defendant would be subject to a two-year term of MSR rather than the three-year term applicable to a Class X sentence. See 730 ILCS 5/5-8-1(d)(2) (West 2008). Therefore, under these circumstances, relief, that is a shorter term of MSR, could be granted upon resentencing, and consequently, defendant's claim is not moot. See *People v. McNulty*, 383 Ill. App. 3d 553, 558 (2008).

¶ 7    Before turning to the merits of defendant's contention, this court notes that on appeal defendant abandons the issues he raised in his *pro se* postconviction petition, and therefore, those issues are forfeited. *People v. McKown*, 236 Ill. 2d 278, 310 (2010) (the failure to raise an issue on appeal results in forfeiture of that issue).

¶ 8    Here, defendant contends that he was subjected to a double enhancement in that his conviction for aggravated criminal sexual assault is an element of the instant offense, but was also used as one of the two prior felonies relied upon to make him eligible for Class X sentencing. Although defendant did not argue that he was subject to a double enhancement before the circuit court, void judgments and orders can be challenged on collateral review for the first time on appeal. *People v. Thompson*, 209 Ill. 2d 19, 25 (2004); see also *People v. Arna*, 168 Ill. 2d 107, 113 (1995) (a sentence which does not conform to a statutory requirement is void). Whether a judgment is void is a legal question that we review *de novo*. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 41.

¶ 9    The State argues that defendant's sentence is voidable, rather than void, because the trial court had the jurisdiction to sentence defendant to a Class 2 sentence of seven years in prison and merely made a mistake of law when it sentenced defendant to a Class X sentence of seven years in prison. Because the voidness of a sentencing order is dependent on whether the court exceeded its statutory authority in imposing it, we begin by examining whether defendant's Class X sentence was authorized by section 5-5-3(c)(8) of the Unified Code of Corrections (the Code) (see 730 ILCS 5/5-5-3(c)(8) (West 2008)) (now 730 ILCS 5/5-4.5-95(b) (West 2010)).

¶ 10    Any portion of a defendant's sentence that is not statutorily authorized is void. *People v. Day*, 2011 IL App (2d) 091358, ¶ 48. In other words, when a trial court exceeds its sentencing authority by entering an order that a statute does not allow, that order will be deemed void, and a defendant may challenge that order on appeal even if he did not properly preserve that claim. *Id*. ¶¶ 48-49; see also *People v. Raczkowski*, 359 Ill. App. 3d 494, 496-97 (2005) (if the circuit court lacked jurisdiction over the parties or the subject matter or exceeded its statutory power to act, the judgment is void and may be attacked at any time). However, if the order is improper

because of a mistake of law or fact, it is voidable, not void, and may be forfeited. *Day*, 2011 IL App (2d) 091358, ¶ 48.

¶ 11 Here, defendant was charged with violating section 6 of the Act in that having previously been convicted of aggravated criminal assault in case number 92 CR 27522 and a prior violation of the Act, he failed to register with law enforcement every 90 days. 730 ILCS 150/6 (West 2008). Because of his prior conviction for failing to register in case number 05 CR 13203, defendant was charged as a Class 2 offender. See 730 ILCS 150/10(a) (West 2008) (anyone "convicted for a violation of this Act for a second or subsequent time is guilty of a Class 2 felony"). Defendant was then found eligible for Class X sentencing pursuant to section 5-5-3(c)(8) of the Code, which provides that a defendant convicted of a Class 2 felony shall be sentenced as a Class X offender if he was previously convicted of two separately committed and tried offenses of Class 2 felony or greater. 730 ILCS 5/5-5-3(c)(8) (West 2008) (now 730 ILCS 5/5-4.5-95(b) (West 2010)).

¶ 12 An improper double enhancement takes place when either a single factor is used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed, or the same factor is used twice to elevate the severity of the offense itself. *People v. Guevara*, 216 Ill. 2d 533, 545 (2005). A double enhancement is not necessarily improper, as it may reflect legislative intent. *People v. Thomas*, 171 Ill. 2d 207, 224 (1996). This court has previously determined that "nothing" in the statutory language of section 5-5-3(c)(8) of the Code (see 730 ILCS 5/5-5-3(c)(8) (West 2004)) "expressly" indicated that the legislature intended such a double enhancement to be permissible in Class X sentencing. *People v. Owens*, 377 Ill. App. 3d 302, 304-05 (2007); see also *People v. Chaney*, 379 Ill. App. 3d 524, 531-32 (2008).

¶ 13 Accordingly, because the record reveals that defendant only had two prior Class 2 or higher felony convictions–one for driving under the influence of alcohol and one for aggravated criminal sexual assault–the use of the same conviction as an element of the offense and as a basis for imposing a Class X sentence amounted to an impermissible double enhancement (*Guevara*, 216 Ill. 2d at 545). Therefore, the trial court erred when it determined that defendant was eligible for a Class X sentence (*Owens*, 377 Ill. App. 3d at 304-05), and, consequently, defendant's Class X sentence is void because the court was not authorized under section 5-5-3(c)(8) of the Code to impose such a sentence upon defendant. See *Raczkowski*, 359 Ill. App. 3d at 496-97 (if the trial court exceeded its statutory power to act, the judgment is void).

¶ 14 In so concluding, we reject the State's argument that defendant's prior conviction for aggravated criminal sexual assault was not used to "enhance" both the charge in the instant case and the sentence. Here, defendant was subject to the Act's reporting requirements and Class X sentencing based on his prior conviction for aggravated criminal sexual assault, *i.e.*, the same conviction was improperly used both as an element of the offense and to make him eligible for a more severe sentence. See *Guevara*, 216 Ill. 2d at 545.

¶ 15 Defendant was convicted of the failure to register in violation of section 6 of the Act (730 ILCS 150/6 (West 2008)), a Class 2 felony (see 730 ILCS 150/10(a) (West 2008)). The sentencing range for a Class 2 felony is between three and seven years in prison. See 730 ILCS 5/5-8-1(a)(5) (West 2008). Although defendant's seven-year sentence fell within the permissible sentencing range for a Class 2 felony, the cause must still be remanded for resentencing as the trial court relied upon the wrong sentencing range in imposing sentence. See *Owens*, 377 Ill. App. 3d at 305-06 (even when a sentence imposed under an incorrect

sentencing range fits within the correct range, the original sentence must be vacated because the trial court relied on the wrong sentencing range when imposing sentence).

¶ 16 Accordingly, we affirm the summary dismissal of defendant's *pro se* postconviction petition, vacate defendant's Class X sentence of seven years in prison, and remand to the trial court for resentencing.

¶ 17 Affirmed in part; vacated in part; remanded for resentencing.