# Illinois Official Reports

## Appellate Court

---

### *People v. Mitok*, 2018 IL App (3d) 160743

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN M. MITOK, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0743 |
| Filed | December 6, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-CF-911; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| Judgment | Vacated.<br>Cause remanded. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and James Wozniak, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Presiding Justice Carter and Justice Holdridge concurred in the judgment and opinion. |

¶ 1 Defendant, John M. Mitok, appeals following his conviction for aggravated driving under the influence (DUI). He argues that the circuit court applied an improper double enhancement when the same prior felony that was an element of his offense was also considered as a predicate offense making him eligible for mandatory Class X sentencing. Thus, he argues that the court committed plain error when it sentenced him as a Class X offender rather than as a Class 2 offender. We vacate the court's sentence and remand for resentencing.

¶ 2                                              FACTS

¶ 3 The State charged defendant by indictment with aggravated DUI (625 ILCS 5/11-501(a)(2), (d)(2)(C) (West 2016)). The indictment alleged that the present offense would be defendant's fourth DUI violation and listed each of the previous three offenses, including a 2015 violation in Will County. The indictment specifically cited subsection (d)(2)(C) of the DUI statute as the portion that defendant violated. *Id.* § 11-501(d)(2)(C).

¶ 4 Following a bench trial, the circuit court found defendant guilty of the charged offense. The presentence investigation report (PSI) prepared for defendant's sentencing listed defendant's three previous convictions for DUI: a Will County misdemeanor violation in 1987, a Cook County misdemeanor violation in 1991, and a 2015 Class 2 felony aggravated DUI in Will County. The PSI also indicated that defendant was convicted of a Class 2 felony robbery in 1994.

¶ 5 At sentencing, the State asserted that defendant was eligible for mandatory Class X sentencing based on his two prior Class 2 felony convictions. See 730 ILCS 5/5-4.5-95(b) (West 2016) (providing than an offender convicted of a Class 1 or Class 2 felony shall be sentenced as a Class X offender where he has been twice previously convicted of Class 2 or greater felonies). Defense counsel agreed with the State's assertion. In imposing sentence, the court commented: "Well, I'm bound by the law. It has to be 6 to 30, but I see no reason to sentence you to anything other than the minimum. There is nothing necessarily aggravating about the case itself, so I'm going to sentence you to the six years in prison."

¶ 6                                            ANALYSIS

¶ 7 On appeal, defendant contends that his subjugation to Class X sentencing represented an improper double enhancement where the same prior offense—his 2015 felony aggravated DUI—was used both as an element of the charged offense and also to make him eligible for Class X sentencing. He concedes that he did not preserve the error below, but urges this court to review the issue under the rubric of plain error.

¶ 8 The first step in any plain-error analysis is to determine whether a clear, obvious, or plain error has been committed. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). If the reviewing court finds that a clear or obvious error has occurred, it is the defendant's burden to demonstrate that the error was prejudicial and thus reversible. See *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). While a defendant can make this showing under the first or second prong of plain error (*e.g.*, *People v. Darr*, 2018 IL App (3d) 150562, ¶¶ 49-50), only the second prong is at issue in the present case. In the context of sentencing, an error is reversible under the second prong where that error "was so egregious as to deny the defendant a fair sentencing

hearing." *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). More generally, the second prong applies where the error committed "was so serious it affected the fairness of the trial and challenged the integrity of the judicial process." *People v. Sebby*, 2017 IL 119445, ¶ 50.

¶ 9    "[A] single factor cannot be used both as an element of an offense and as a basis for imposing 'a harsher sentence than might otherwise have been imposed.' [Citation.] Such dual use of a single factor is often referred to as a 'double enhancement.' " *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004) (quoting *People v. Gonzalez*, 151 Ill. 2d 79, 84 (1992)). Our supreme court has explained that the bar on double enhancements stems from the presumption that the legislature has necessarily considered such factors in setting the appropriate range of punishment for the offense. *Id.* at 12.

¶ 10    In this case, the State charged defendant with aggravated DUI under section (d)(2)(C) of the DUI statute. That section holds that "[a] fourth violation of this Section or a similar provision is a Class 2 felony." 625 ILCS 5/11-501(d)(2)(C) (West 2016). Accordingly, the State listed defendant's three prior DUI convictions in the charging instrument. When the court subsequently used one of those three convictions—namely, the 2015 Class 2 felony aggravated DUI—as one of two predicate felonies making defendant Class X sentencing eligible, it committed a clear violation of the prohibition of double enhancements. In other words, once the 2015 felony had been used to elevate defendant's offense to a "fourth violation" under section (d)(2)(C) of the DUI statute, it could not be used again to further increase his sentencing range. Indeed, the State concedes that the court erred in applying an improper double enhancement.

¶ 11    The only dispute in this appeal is whether the application of an improper double enhancement rises to the level of second-prong plain error. Defendant insists that he has a "fundamental right to be sentenced by a judge who is aware of the correct minimum and maximum sentences for an offense." The State simply cites recent decisions from the Second and Fourth Districts (*People v. Tatera*, 2018 IL App (2d) 160207, ¶ 71; *People v. McGath*, 2017 IL App (4th) 150608, ¶¶ 68, 72), in which those courts found that the present error is not subject to plain-error review, and urges us to follow those cases.

¶ 12    In *People v. Martin*, 119 Ill. 2d 453, 458 (1988), our supreme court found that the consideration of a factor inherent in the offense as an aggravating factor "clearly affected the defendant's fundamental right to liberty." Relying on *Martin*, this court found second-prong plain error based on the same improper double enhancement. *People v. Sanders*, 2016 IL App (3d) 130511, ¶ 17. To be sure, the type of double enhancement error committed in this case is not identical to those in *Martin* and *Sanders*. In those cases, the factor in question was improperly considered in aggravation, thus impacting the defendants' actual sentences. Here, the fact of defendant's 2015 aggravated DUI conviction was used improperly to elevate the sentencing *range*.

¶ 13    The facts of this case, however, plainly demonstrate that this is a distinction without a difference. The circuit court stated explicitly that it saw "no reason to sentence [defendant] to anything other than the minimum" and that "[t]here is nothing necessarily aggravating about the case itself." Thus, this is not a case where we are forced to speculate as to the impact of the circuit court's mistaken impression as to the sentencing range. Following the improper double enhancement, that minimum was six years' imprisonment. 730 ILCS 5/5-4.5-25(a) (West 2016). Had the court acted properly, however, defendant would have faced a minimum sentence of only three years in prison. *Id.* § 5-4.5-35(a) (prescribing a sentence of not less than

three years and not more than seven years' imprisonment for Class 2 felonies). Where the court's double enhancement error results in a defendant being sentenced to three additional years of imprisonment, there can be no doubt that the defendant's sentencing hearing was fundamentally unfair. See *Hillier*, 237 Ill. 2d at 545; see also *People v. Owens*, 377 Ill. App. 3d 302, 305-06 (2007) (vacating double-enhanced sentence following plain-error review). Accordingly, we find that the circuit court's improper double enhancement of defendant's sentence is reversible under the second prong of plain error, vacate defendant's sentence, and remand for resentencing.

¶ 14    In reaching this result, we necessarily reject the State's contention that we should follow the holdings in *McGath* and *Tatera*. Those cases are actually of no help to the State's case. First, in *McGath*, the Fourth District adhered to a line of cases from that district standing for the proposition that simply alleging a violation of one's "fundamental right to liberty" is insufficient to bring purported sentencing errors under plain-error review. *McGath*, 2017 IL App (4th) 150608, ¶¶ 68-69. The *McGath* court reiterated that the denial of a fair sentencing hearing remained the touchstone for second-prong plain error claims at sentencing. *Id.* ¶ 69. *McGath* is wholly inapplicable to the case before us, as defendant here has properly asserted the denial of a fair sentencing hearing.

¶ 15    *Tatera* is even less relevant to the present case. There, the defendant raised an unpreserved claim of double enhancement, but rather than argue for plain error, he contended that the court should relax forfeiture due to purported deficiencies in the circuit court's appeal admonitions. *Tatera*, 2018 IL App (2d) 160207, ¶¶ 67-69. The Second District rejected that contention and held the issue forfeited. *Id.* ¶ 70. The *Tatera* opinion contained absolutely no discussion of plain error.

¶ 16                                      CONCLUSION

¶ 17    The sentence of the circuit court of Will County is vacated and the matter is remanded.

¶ 18    Vacated.

¶ 19    Cause remanded.