# Illinois Official Reports

## Appellate Court

*People v. Melvin*, 2015 IL App (2d) 131005

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES MELVIN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-1005 |
| Filed | July 16, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 09-CF-653; the Hon. Timothy Q. Sheldon and the Hon. James C. Hallock, Judges, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Thomas A. Lilien and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Presiding Justice Schostok and Justice Birkett concurred in the judgment and opinion. |

¶ 1     Defendant, James Melvin, entered a negotiated guilty plea to attempted predatory criminal sexual assault of a child (720 ILCS 5/8-4(a), 12-14.1(a)(1) (West 2008)). Per the plea agreement, he was sentenced to 60 years' imprisonment. After the dismissal of his first postconviction petition, defendant moved for leave to file a second one, asserting that his 60-year sentence was void. The trial court denied the motion, and defendant timely appealed. On appeal, defendant reiterates that his sentence is void because, *inter alia*, it is the product of a double enhancement.[1] We agree, and therefore we vacate the judgment and remand the cause so that he may plead anew.

¶ 2     Defendant was originally charged with 1 count of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and 10 counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b), (c)(1)(i) (West 2008)). Per the plea agreement, the State amended the first count to charge attempted predatory criminal sexual assault of a child, to which defendant pleaded guilty, and dismissed the remaining counts. Attempted predatory criminal sexual assault of a child is a Class 1 felony. 720 ILCS 5/8-4(c)(2), 12-14.1(b)(1) (West 2008). However, the 60-year sentence to which the parties agreed is a Class X, extended-term sentence. 730 ILCS 5/5-8-2(a)(2) (West 2008). In presenting the agreement, the State explained: "In terms of criminal history, defendant has a '98 predatory criminal sexual assault, [a] Class X [felony]. [And a] '96, Class 2 [felony], manufacture of [a] controlled substance[,] which are the basis for the mandatory Class X [sentence] and extended term." Specifically, although defendant's present offense is a Class 1 felony, the two prior offenses, having been at least Class 2 felonies, subjected him to a Class X sentence of 6 to 30 years' imprisonment. 730 ILCS 5/5-5-3(c)(8), 5-8-1(a)(3) (West 2008). Further, the prior Class X felony, having been greater than a Class 1 felony, subjected him to an extended-term sentence of up to 60 years' imprisonment. 730 ILCS 5/5-5-3.2(b)(1) (West 2008).

¶ 3     As defendant asserts, his sentence was thus the product of a double enhancement. "Double enhancement occurs when a factor already used to enhance an offense or penalty is reused to subject a defendant to a further enhanced offense or penalty." *People v. Thomas*, 171 Ill. 2d 207, 223 (1996). Here, the specific factor so used (and reused) was defendant's prior Class X felony. Per the parties' agreement, as the State articulated it, that offense (along with defendant's prior Class 2 felony) subjected him to the enhanced penalty of a Class X sentence, and then it also subjected him to the further enhanced penalty of an extended-term sentence. "This is the very definition of a double enhancement." *People v. Milka*, 336 Ill. App. 3d 206, 236 (2003), *aff'd*, 211 Ill. 2d 150 (2004) (victim's age, as element of predicate felony, exposed defendant to "a sentence for felony murder" and then "an extended-term sentence for felony murder"); see also *People v. Griham*, 399 Ill. App. 3d 1169, 1172 (2010) (double enhancement where same prior felony enhanced present offense from Class 3 felony to Class 2 felony and then subjected defendant to Class X sentencing). Thus, the Class X, extended-term sentence, to which the parties agreed, was not statutorily authorized and was, in turn, void. See *id.* (absent

---

[1]We note that, because a void judgment may be attacked in any court with jurisdiction of the case, we may address defendant's argument without addressing the trial court's ruling on his motion for leave to file a second postconviction petition. See *People v. Thompson*, 209 Ill. 2d 19, 27 (2004).

clear legislative intent to the contrary, a doubly enhanced sentence is statutorily unauthorized and void).

¶ 4 The State asserts that this case is distinguishable from cases like *Griham*, because here defendant's prior offense was used only "to enhance the punishment, not the class of the [present] offense." But this assertion ignores the supreme court's definition of a double enhancement: "when a factor already used to enhance an offense *or penalty* is reused to subject a defendant to a further enhanced offense *or penalty*." (Emphases added.) *Thomas*, 171 Ill. 2d at 223. "For example, the same factor has been used to double enhance an offense [citation], a punishment [citation], or some combination of the two [citation]." *Id.* at 223-24. Thus, a double enhancement did not require the enhancement of the offense first and then the punishment; it is sufficient that the punishment was enhanced twice.

¶ 5 The State responds, however, that defendant's argument is akin to the one rejected in *Thomas*. There, as here, the defendant was convicted of a Class 1 felony, and two prior offenses subjected him to a Class X sentence of 6 to 30 years' imprisonment. Then, relying in aggravation on those same prior offenses, the trial court sentenced him to 15 years' imprisonment. The defendant argued that the trial court's reliance in aggravation constituted a second enhancement. "However," the supreme court said, "this 'second use' of defendant's prior convictions does not constitute an enhancement, because the discretionary act of a sentencing court in fashioning a particular sentence tailored to the needs of society and the defendant, within the available parameters, is a requisite part of every individualized sentencing determination. [Citation.] The judicial exercise of this discretion, in fashioning an appropriate sentence within the framework provided by the legislature, is not properly understood as an 'enhancement.' " *Id.* at 224-25.

¶ 6 As defendant replies, *Thomas* is easily distinguishable. There, the defendant's prior offenses increased, only once, the sentencing range within which the trial court could exercise its discretion. They increased the range to 6 to 30 years' imprisonment, and the trial court, though relying on those offenses again, imposed a sentence within that range and thus within its own discretion. Here, however, if defendant's prior offenses had merely increased the sentencing range to 6 to 30 years' imprisonment, the trial court would have had no discretion to impose a sentence of 60 years. That sentence would have been within its discretion only upon the *second* increase of the sentencing range, to up to 60 years. So, in sum: whereas in *Thomas* the sentence was authorized after only one use of the prior offenses, here the sentence was purportedly authorized after only the *second* use. As a result, here the sentence was not authorized at all.

¶ 7 A trial court may not impose an unauthorized sentence, even if the parties agree to it. See *People v. Hare*, 315 Ill. App. 3d 606, 609 (2000). Thus, defendant's 60-year sentence cannot stand. Defendant suggests that we simply reduce his sentence to the nonextended Class X maximum of 30 years, but obviously we cannot do so without substantially altering an essential provision of the parties' agreement. Accordingly, we must vacate the entire agreement. See *id.* at 609-11 (court could not salvage agreement by increasing unauthorized four-year prison term to Class X minimum of six years). Per defendant's alternative suggestion, we vacate the trial court's judgment and remand the cause so that defendant may plead anew to whatever charges the State decides to reinstate. However, we recognize the importance of plea agreements. Thus, if, upon receiving our opinion, and after consulting with the local State's Attorney, the State wishes to accept defendant's offer to persist in his guilty

plea to attempted predatory criminal sexual assault of a child, in exchange for a 30-year sentence, it may file a petition for rehearing to that effect, and, in the interest of judicial economy, we will enter a new judgment without a remand. Of course, the State instead may accept our remand, reinstate the original charges, and enter a new plea agreement or proceed to trial.

¶ 8  The judgment of the circuit court of Kane County is vacated, and the cause is remanded with directions.

¶ 9  Vacated and remanded.