2022 IL App (2d) 180359-U
No. 2-18-0359
Order filed April 19, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 09-CF-653 |
| JAMES MELVIN, | ) ) ) | Honorable James Hallock, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) This court has jurisdiction to consider defendant's appeal from his conviction and sentence after trial; therefore we have jurisdiction to consider defendant's claim that our judgment in defendant's prior appeal was void; (2) this court had jurisdiction to consider defendant's prior appeal; (3) appellate court can address the merits of a trial court's denial of leave to file a successive postconviction petition; (4) record contained sufficient evidence of defendant's mailing of his notice of appeal in a timely fashion to the circuit court clerk; (5) this court's judgment in defendant's prior appeal was not void.  Trial court affirmed.

¶ 2     Defendant, James Melvin, was charged with 1 count of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and 10 counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b), (c)(1)(i) (West 2008)).  He then entered into a negotiated plea

agreement whereby he pled guilty to one count of attempt predatory sexual assault of a child (720 ILCS 5/8-4, 12-14,1(a)(1) (West 2008)) and was sentenced to 60 years' imprisonment. All remaining counts were dismissed.

¶ 3    Defendant filed a postconviction petition, which was dismissed. Defendant filed a notice of appeal, but this court dismissed the appeal for defendant's failure to file a docketing statement. Defendant then moved for leave to file a second petition, which the trial court denied on August 22, 2013. On appeal from that denial, this court agreed with defendant that his sentence was based on an improper double enhancement and was, therefore, void. See *People v. Melvin*, 2015 IL App (2d) 131005. "Per defendant's alternative suggestion," this court vacated the trial court's judgment and remanded the cause "so that defendant may plead anew to whatever charges the State decides to reinstate." Id. ¶ 7.

¶ 4    On remand, the State was granted leave to reinstate the original charges, and the matter proceeded to a bench trial in October 2017. The trial court found defendant guilty of the single count of predatory criminal sexual assault of a child and six counts of aggravated criminal sexual abuse. Defendant's motion for a new trial was denied. Because defendant had previously been convicted of predatory criminal sexual assault, he was sentenced to natural life in prison on the predatory criminal sexual assault of a child count on May 9, 2018. See 720 ILCS 5/11-1.40(b)(1.2) (West 2008). Defendant filed a notice of appeal from that trial court judgment of conviction on that same day.

¶ 5    Defendant now contends on appeal that this court must vacate our 2015 judgment as void because we lacked jurisdiction to consider his appeal. Further, because our judgment was void, we must also vacate the judgment entered after the bench trial and reinstate his original negotiated

plea and 60-year sentence. Whether this court has jurisdiction to consider an appeal presents a question of law, which we review *de novo*. *People v. Shinaul*, 2017 IL 120162, ¶ 8.

¶ 6    While defendant questions this court's jurisdiction over the earlier appeal, the State questions our jurisdiction over this current appeal. According to the State, a notice of appeal confers judgment on an appellate court to consider only the judgments or parts of judgments that are specified in the notice of appeal. See *People v. Bingham*, 2018 IL 122008, ¶ 16. Here, defendant's notice of appeal lists the date of judgment or order as "5-9-18," the offense for which defendant was convicted as "Pred. Crim. Sex. Asslt + Agg. Crim Sex Abuse," and the sentence as "Nat. Life plus 3 yrs." According to the State, this notice of appeal "fails to even arguably address this court's 2015 judgment;" the date of judgment, offense, and sentence involved with the 2015 appeal are all different from those listed on the notice of appeal. Thus, this court should dismiss the current appeal "for failure to list this Court's July 16, 2015, judgment in his notice of appeal." We disagree.

¶ 7    "The filing of a notice of appeal is the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *People v. Smith*, 228 Ill. 2d 94, 104 (2008). A notice of appeal " 'shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court.' " *Id.* quoting Supreme Court Rule 303(b)(2) (eff. July 1, 2017). While a notice of appeal confers jurisdiction on a reviewing court to consider only the judgments or parts thereof specified in the notice of appeal, an unspecified judgment is reviewable if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. See *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979); *In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 39. While a notice of appeal is jurisdictional, it is generally accepted that such a notice is to be construed liberally. *Smith*, 228 Ill. 2d at 104. A notice of appeal should be considered as

a whole, and a notice will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thereby advising the successful litigant of the nature of the appeal. *Id*. at 105.

¶ 8      Here, this court's vacation of defendant's original plea and sentencing was clearly a "step in the procedural progression leading to" the trial court's May 9, 2018 judgment. The 2018 judgment would not have come about had this court not vacated the original trial court judgment and remanded the cause for a new plea or trial.

¶ 9      Further, an exception to the "procedural progression" rule exists where a party collaterally attacks an allegedly void order on appeal. See *Jamari R.*, 2017 IL App (1st) 160850, ¶ 41. A void order may be attacked at any time or in any court, either directly or collaterally. *People v. Flowers*, 208 Ill. 2d 291, 295 (2003). However, although a void order may be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. *Id*. If a court lacks jurisdiction, it cannot grant any relief, even from prior void judgment. *Id*. The reason is obvious—without jurisdiction, an order directed at a void judgment would itself be void and of no effect. *Id*. Thus, an appellate court "is not vested with authority to consider the merits of a case merely because the dispute involves an order or judgment that is, or is alleged to be, void." *Id*. Its power attaches only upon compliance with the rules governing appeals. *Id*.

¶ 10      Here, we do not find that defendant failed in any way to comply with the rules governing appeals as they apply to his appeal from the trial court's order of May 9, 2018. Therefore, as we have jurisdiction over this current appeal, we have jurisdiction to consider defendant's claim that both our 2015 judgment and the trial court's 2018 judgment are void.

¶ 11      Defendant first argues that this court lacked jurisdiction to vacate his 2009 conviction and sentence because his notice of appeal from that judgment was deficient. According to defendant,

his notice of appeal specified that his appeal was from the trial court's August 22, 2013 order denying him leave to file a second postconviction petition; nowhere did he mention the trial court's August 28, 2009 order imposing sentence on his negotiated plea. Thus, this court had no jurisdiction to grant relief related to the 2009 order.

¶ 12 For the same reasons that we disagreed with the State's jurisdictional argument above (*infra* ¶¶ 6-10), we find that this argument has no merit. The notice of appeal was timely filed after the trial court's August 22, 2013 order, and the appeal was properly before this court. The original 2009 judgment was clearly a step in the procedural progression of this case. Even though the notice of appeal did not specify the 2009 judgment, this court has the authority to *sua sponte* correct a void order when it sees such an order in a case properly before it. See *People v. Thompson*, 209 Ill. 2d 19, 25 (2004) (abrogated on other grounds, *People v. Castleberry*, 2015 IL 116916); *People v. Arna*, 168 Ill. 2d 107, 113 (1995) (abrogated on other grounds, *People v. Castleberry*, 2015 IL 116916). This court did not need to *sua sponte* invoke our authority to vacate a void order; we were well-informed of the claimed void order by defendant's brief, which had only one issue presented for review: whether he was entitled to have his sentence partially reduced or to withdraw his guilty plea "where the sentence he received exceeds the maximum authorized by law." This court clearly did not lack jurisdiction on this basis.

¶ 13 Defendant next argues that his specification in his 2013 notice of appeal of "Post-conviction petition" as the judgment from which he sought to appeal was insufficient to confer jurisdiction on this court. Defendant cites to *People v. Edwards*, 2012 IL 111711, ¶ 24 for the proposition that a successive postconviction petition is not considered filed, and no further proceedings can follow, until leave of court to file the petition is granted. According to defendant, as the trial court denied leave to file his successive petition, his petition "was functionally never

filed," and the trial court never addressed or ruled on the merits of the petition. Thus, there was no judgment on the successive petition from which to bring an appeal.

¶ 14  This argument is without merit. The prohibition on further proceedings when leave to file is not granted, as referenced in *Edwards*, applies to the *trial* court, not this court. We note that Illinois caselaw is replete with appeals addressing the merits of a trial court's denial of leave to file a successive postconviction petition. See, for example, *People v. Bailey*, 2017 IL 121450, ¶¶12-13 ("The single issue before us is whether, under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)), the denial of defendant's motion for leave to file a successive postconviction petition must be reversed ***." "The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*."). *Edwards* itself dealt, in part, with review of the denial of leave to file a successive postconviction petition. See *Edwards*, 2012 IL 111711, ¶¶ 15, 30 ("The appellate court majority affirmed the circuit court's denial of leave to file the petitions, holding that petitioner failed to state a valid claim of actual innocence." "However, as we have just noted, a trial court should deny leave only in cases where, as a matter of law, no colorable claim of actual innocence has been asserted. This suggests a *de novo* review.") On appeal, it is the trial court's denial of leave to file that is the judgment being contested; the merits of the proposed petition are not at issue. Defendant's convoluted argument here is erroneous on several levels and cannot be deemed to have been made in good faith.

¶ 15  Defendant next argues that his 2013 notice of appeal was insufficient to confer jurisdiction on this court because it was mailed to the wrong court and was not timely filed. Illinois Supreme Court Rule 651 (eff. July 1, 2017), which governs appeals in postconviction proceedings, states that the procedure for postconviction appeals shall be in accordance with the rules governing criminal appeals. According to Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021), appeals in

criminal cases must be filed with the clerk of the trial court within 30 days after the entry of the final judgment.

¶ 16    The order denying defendant leave to file a successive postconviction petition was entered on August 22, 2013.  30 days later was September 21, which fell on a Saturday; thus, the notice of appeal was due on Monday, September 23.  See 5 ILCS 70/1.11 (West 2020).  Defendant's notice of appeal was file-stamped by the Clerk of the Circuit Court of Kane County on September 26, 2013.

¶ 17    This court has long applied the mailbox rule to the filing of postconviction petitions.  See *People v. Maiden*, 2013 IL App (2d) 120016; *People v. Hansen*, 2011 IL App (2d) 081226; *People v. Lugo*, 391 Ill.App.3d 995 (2009).  This rule provides that, when a notice of appeal is received after the due date, the time of mailing shall be deemed the time of filing.  See *People v. Maclin*, 2014 IL App (1st) 110342, ¶ 21.[1]  This court has held that a legible postmark is sufficient proof of mailing in the absence of an affidavit certifying when a notice of appeal was mailed.  See *Hansen*, 2011 IL App (2d) 081226, ¶ 14.  We have also held that a properly addressed, notarized certificate that stated that the defendant put his notice of appeal in the prison mail (but without stating that it

---

[1] We note that defendant in his brief improperly cites to and quotes from *People v. Maclin*, 2013 IL App (1st) 110342, which was superseded by *Maclin*, 2014 IL App (1st) 110342.  The appellate court in *Maclin*, 2014 IL App (1st) 110342 granted the defendant's motion to supplement the record and petition for rehearing, thereby changing both the facts and the law as it affected the imposition of the mailbox rule, thereby rendering this defendant's discussion and analysis of the superseded case inapt as well as erroneous.  See *id.*

included proper prepaid postage) was sufficient evidence of mailing such that the mailbox rule applied. See 2013 IL App (2d) 120016.

¶ 18    Here, the record shows that the circuit clerk received defendant's notice of appeal and notice of filing/affidavit of service on September 26, 2013. The notice of filing states that the notice of appeal was placed into the institutional mail system at Menard correctional Center on September 10, well within 30 days of judgment. However, the notice of filing lists only one party to be served: "Second District Appellate Court Building[,] 55 Symphony Way , Elgin IL, 60120." The circuit court clerk is not listed for service. Thus, according to defendant, the mailbox rule cannot apply, as defendant did not mail his notice of appeal to the circuit court clerk. See, e.g., *First Bank v. Phillips*, 379 Ill. App. 3d 186 (2008) (defendants filed notice of appeal in the appellate court, and the circuit court clerk did not receive the notice within 30 days of judgment).

¶ 19    A short examination of the common law record is necessary here. Immediately after defendant's notice of appeal is a two-page application to sue or defend as a poor person. This application is signed by defendant and notes that defendant is in Menard Correctional Center; however, it is undated and bears no stamps regarding receipt or filing. Next in the record is an envelope, addressed to the circuit clerk, with a return address of defendant in Menard Illinois and a stamp indicating that it contained "Correspondence From IDOC Inmate." Another stamp noted that it contained "LEGAL MAIL" and was mailed on September 18. The postmark of "SEP 18 2013" is clear and legible. A stamp on the envelope notes that it was received on September 25, 2013. This is the day before defendant's notice of appeal was file-stamped by the circuit court clerk's office. Next in the record is a series of four receipts for documents (notice of appeal and copies of docket/record sheets), prepared by the clerk of the circuit court on September 26, 2013, and sent to the State Appellate Prosecutor, the State Appellate Defender, the chief judge of the

Kane County Circuit Court, and this court. All were marked as received by the recipients on September 30 and were stamped as filed by the circuit court clerk on October 1.

¶ 20    Looking at the common law record as a whole, we determine that the documentation contained in the record is sufficient evidence of defendant's mailing of his notice of appeal in a timely fashion to the circuit court clerk. The notice of filing, filled out by defendant, did not indicate that the circuit court clerk was an intended recipient of the September 10 mailing or that the two-page application was sent in the mail along with the notice of appeal. However, this document is not determinative on the issue of mailing the notice of appeal. The envelope, next in the record after the application, was marked as containing "Correspondence From IDOC Inmate" and "LEGAL MAIL." It was addressed to the circuit court clerk with a return address for defendant at Menard Correctional Center. The only logical and reasonable interpretation of this record is that notice of filing, notice of appeal, and application were all mailed by defendant to the circuit court clerk in the envelope that was postmarked on September 18, 2013. The documents that come after the envelope in the record were sent from the circuit court clerk's office and have no connection to the envelope; thus, the envelope is logically related to the documents preceding it. The file stamp of September 26, 2013, contained on the notice of appeal and notice of filing, is the day after the envelope addressed to the circuit court clerk was marked as received.

¶ 21    Viewing all of this in a logical and reasonable manner, we conclude that the record supports a finding that the notice of appeal was mailed to the circuit court clerk in the envelope contained in the record. This envelope was clearly and legibly postmarked on September 18, 2013, five days before the expiration of the 30-day period for filing defendant's notice of appeal. Thus, after applying the mailbox rule, we conclude that defendant's 2013 notice of appeal was timely and properly filed and that this court obtained jurisdiction over that appeal.

¶ 22    Defendant next contends that this court erred in determining that the trial court's 2009 judgment was void.  In our 2015 opinion, this court determined that defendant's agreed-upon sentence "was not statutorily authorized and was, in turn, void." *Melvin*, 2015 IL App (2d) 131005, ¶ 3.  We therefore vacated the trial court's judgment and remanded the cause.  Three months after our opinion was filed, our supreme court abolished the void sentencing rule in *People v. Castleberry*, 2015 IL 116916, ¶ 19.  Pursuant to *Castleberry*, "a statutorily nonconforming sentence is not void; it is merely voidable and subject to the usual rules of forfeiture or other procedural restraints." *People v. Price*, 2016 IL 118613, ¶ 17.

> "After *Castleberry*, a reviewing court may no longer, *sua sponte*, correct a statutorily nonconforming sentence [citation], the State may no longer seek to correct such a sentence on direct review but must seek a writ of mandamus to do so [citation], and a defendant may no longer rely on the void sentence rule to overcome forfeiture of a claimed sentencing error or to challenge a statutorily nonconforming sentence in perpetuity [citation]." *Id.*

*Price* applied *Castleberry* to all cases pending at the time of *Castleberry*'s announcement.  See id. ¶ 35.

¶ 23    Defendant now argues that, as his case was still pending on remand when *Castleberry* was announced, our 2015 decision must be vacated, as it was premised on the void judgment rule. Further, defendant states that this court should reinstate the judgment on the 2009 plea agreement, which was wrongly vacated.

¶ 24    Our supreme court has explained that the primary purpose behind *Castleberry* was to " 'preserv[e] the finality of judgments.' " *People v. Stephens*, 2017 IL App (1st) 151631, ¶ 71 quoting *Price*, 2016 IL 118613, ¶ 28.  In *Stephens*, the defendant's initial concurrent sentences

after a bench trial were vacated by the appellate court because consecutive sentences were required. *Stephens*, 2017 IL App (1st) 151631, ¶ 10. After remand, the appellate court again vacated the defendant's sentences and remanded for sentencing because the trial court failed to hold a sentencing hearing. *Id*. ¶ 12. Following a sentencing hearing, defendant again appealed his sentences, arguing, *inter alia*, that, as *Castleberry* had been announced during the pendency of his case, his first sentences should not have been vacated; further, if the court had not remanded for his second sentencing, it would not have remanded for his third sentencing and, therefore, the appellate court should vacate his third sentence and reinstate his first sentence. *Id*. ¶ 65.

¶ 25 The appellate court disagreed. While acknowledging the *Castleberry* holding, the court distinguished *Castleberry* factually: *Castleberry* involved an appeal from the defendant's initial sentence, the defendant in *Stephens* was appealing from his *third* sentence and asking the court "in essence, to vacate the 2009 and 2012 decisions of this court, as well as the third sentencing order of the trial court, and turn the clock back over 12 years to the first sentencing order in 2005." *Id*. ¶ 70. Noting that the original appellate court order "was perfectly valid when issued and conformed to then-existing supreme court precedent" (*id*. ¶ 72), the court did not believe that "it was our supreme court's intent to undo the finality of an eight-year old appellate decision, upon which both the parties and subsequent appellate and trial courts have relied, particularly when the result would be to reinstate a decades-dormant, statutorily invalid sentence." *Id*. ¶ 71. The supreme court "did not intend *Castleberry* to become a vehicle by which a defendant could challenge as void an eight-year-old appellate decision which ordered a statutorily conforming sentence." *Id*. ¶ 72.

¶ 26 We find the *Stephens* analysis applicable and persuasive. Our decision in *Melvin* was similarly valid and in conformance with then-existing supreme court precedent when it was issued.

The relief that we granted was sought by defendant. Defendant here similarly seeks to vacate a years-old appellate decision and, in the process, attempts to cast into oblivion a bench trial and sentencing that were held in reliance on this court's holding,[2] in order to reinstate sentences that defendant acknowledges were not and are not statutorily proper. We cannot agree that such an outcome is contemplated, let alone required, by *Castleberry*, and we will not impose such an unwarranted outcome in this case. Defendant's conviction and sentence are affirmed.

¶ 27    For these reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 28    Affirmed.

---

[2] This court *sua sponte* ordered the parties to file supplemental briefs regarding "the merits or lack thereof of any claims relating to the direct appeal concerning the proceedings which resulted in appellant's conviction and life sentence." Defense counsel detailed his consideration of issues related to reasonable doubt, pretrial and posttrial motions, evidentiary rulings, the statutorily-mandated imposition of a life sentence and its constitutionality, and the trial court's compliance with procedures mandated by *People v. Krankel*, 102 Ill. 2d 181 (1984). Counsel argued that he had the discretion to exercise his professional judgment to select appellate issues that he believed promoted the best interests of his client, and he raised "one meritorious issue" in his initial briefs.