# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black">

## *People v. Williams*, 2019 IL App (1st) 173131

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDIE WILLIAMS, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-17-3131 |
| Filed | December 13, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CR-6806; the Hon. Mauricio Araujo, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, Cassidey Davis Keilman, and Kathleen M. Flynn, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Marci Jacobs, and Adam C. Motz, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Mikva and Justice Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a jury trial, defendant Eddie Williams was convicted of possession with intent to deliver a controlled substance, 1 gram or more but less than 15 grams of heroin (720 ILCS 570/401(c)(1) (West 2016)), and was sentenced to nine years' imprisonment. On appeal, defendant argues the trial court improperly considered compensation as an aggravating factor during sentencing, because it is a factor inherent in the offense of possession with intent to deliver a controlled substance. We affirm.

¶ 2                                    JURISDICTION

¶ 3    The trial court sentenced defendant on November 29, 2017. Defendant filed a notice of appeal on December 1, 2017. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. July 1, 2017), governing appeals from a final judgment of conviction in a criminal case entered below.

¶ 4                                    BACKGROUND

¶ 5    Defendant was charged with one count of possession with intent to deliver a controlled substance.[1] At trial, the evidence showed that, just after midnight on March 17, 2016, Chicago police officers patrolling in unmarked vehicles observed defendant in the area of Huron Street and Homan Avenue in Chicago. They saw defendant alone on the street and observed him yell "blows, blows, blows," which the officers knew to be a street term for heroin. The officers initiated a street stop, at which point defendant tossed an item from his hands into the backyard of a nearby house. The officers recovered the item, which they discovered was a plastic bag containing 16 smaller Ziploc bags filled with a substance. A forensic scientist in the crime lab analyzed the substance in the Ziploc bags and determined it was heroin, in total weighing approximately 3.75 grams.

¶ 6    On April 5, 2017, the jury found defendant guilty of possession with intent to deliver a controlled substance.

¶ 7    After the jury reached its verdict, the trial court denied the State's motion to revoke defendant's bond, placed him on electronic monitoring, and warned him not to "do anything silly." Defendant subsequently failed to appear on his next court date on June 1, 2017, and the trial court issued a warrant for his arrest. Defendant also had an outstanding warrant for his escape from electronic monitoring, which had not been executed.

¶ 8    After missing two more court dates, defendant appeared at a branch court on a new charge of possession of a controlled substance. On August 9, 2017, when he appeared in this case again, the trial court approved his request for a referral to WestCare, the in-custody treatment program in the jail system, due to his continued use of controlled substances. On November 8, 2017, the court denied defendant's motion for a new trial. The case proceeded to sentencing.

¶ 9    The presentence investigation report (PSI) presented at sentencing showed defendant had prior convictions for possession of a controlled substance (2014 and 1993), possession with

---

[1]While the charging document is not included in the record on appeal, other documents in the record establish the initial charge against defendant.

intent to deliver (1993 and 1992), resisting arrest (2014), theft (2014), armed robbery (1999 and 1995), resisting or obstructing a peace officer (1995), and possession of a firearm without a Firearm Owners Identification (FOID) card (1992). Defendant's sentences ranged from 18 months' probation to 25 years' imprisonment. Defendant reported that he had good relationships with his parents and siblings and had been with his "common law wife" since 1995. His wife suffered from a back injury and required surgery. Defendant suffered from chronic spinal stenosis and, due to his treatment in the WestCare program, learned he had had an "addiction problem." He reported a desire to maintain sobriety and felt the need to continue the substance abuse treatment program.

¶ 10    In aggravation, the State highlighted defendant's prior felony convictions, noting he had to be sentenced as a Class X offender, with a sentencing range of 6 to 30 years' imprisonment. It emphasized defendant was on parole when he committed the instant offense, committed another possession of a controlled substance with intent to deliver offense while on bond for this offense, and escaped from electronic monitoring.

¶ 11    In mitigation, defense counsel argued defendant had struggled with addiction and had been successfully participating in the WestCare treatment program for 112 days. Counsel argued defendant acted as the primary caretaker for his home-bound "fiancé," suffered from health problems himself, and was engaged in a general equivalency diploma (GED) program at Roosevelt University. Citing defendant's addiction and the fact he was not a "heavy-hitting drug trafficker," counsel requested that the trial court sentence defendant below the Class X six-year minimum or, alternatively, to the minimum six-year sentence.

¶ 12    In allocution, defendant thanked the trial court for allowing him the opportunity to attend the WestCare treatment program.

¶ 13    The trial court sentenced defendant to nine years' imprisonment in the Illinois Department of Corrections. It stated:

> "Having considered the trial evidence, the pre-sentence investigation report, the history and character, attitude of the defendant, the evidence and arguments and the statement of allocution presented, and having considered the statutory matters in aggravation and mitigation, having due regard for the circumstances of the offense. I find as follows in aggravation:
>
> The defendant received compensation for committing the offense. That is the charge itself.
>
> The history of prior delinquency and criminal activity. That's shown by the fact that I have to sentence him as an X by background.
>
> The sentence is necessary to deter others from committing the crime. *** I'm not even sure why the legislature lists this as a factor. I've been sitting here maybe too long, because I don't think it deters any of it.
>
> I'm not sure any of the others apply."

The court then similarly ran through several mitigation factors, finding the case presented "[c]riminal conduct that neither caused nor threatened serious physical harm to another], "[t]he defendant's criminal conduct was [hopefully] the result of circumstances unlikely to occur [*sic*]," the "[c]haracter and attitude of the defendant indicate that he is unlikely to commit another crime" "at the moment," and "the imprisonment would entail excessive hardship to him and his dependents."

¶ 14 After it finished "with the pro forma stuff," the court told defendant it appreciated that he was "making progress" on himself "right now," but the minimum sentence was six years for the charge and, if the State proceeded with his escape charge, he would serve a minimum of eight years' imprisonment if found guilty. The court found the escape offense "perturb[ing]" and that defendant failed the court's trust, noting defendant failed to appear in court and "picked up another case" while out on bond. "[L]ooking at all that, and looking at everything [it] said," the court found a nine-year sentence warranted.

¶ 15 Defendant orally moved for the court to reconsider his sentence, arguing that his sentence "is excessive in light of the criminal conduct alleged, and would note that there is no allegation in the case that he was actually convicted of that he received compensation. It was a possession with intent." The court denied the motion, stating it understood defendant's argument that, with regard to the intent to deliver charge, "it's not a factor in aggravation, but I think that idea that he was going to benefit is in the aggravation." The court further clarified, "[b]ut my number isn't necessarily based on that. It's based on the other cases that I explained and the State charges."

¶ 16                                  ANALYSIS

¶ 17 On appeal, defendant requests we vacate his sentence and remand for a new sentencing hearing, where the trial court improperly considered compensation, a factor inherent in the possession with intent to deliver offense, in aggravation at sentencing. He asserts that, due to the trial court's "conflicting statements" about defendant's receipt of compensation, this court is unable to determine how much weight the trial court placed on this improper factor, warranting resentencing. See *People v. Conover*, 84 Ill. 2d 400, 405 (1981) (remanding where the Illinois Supreme Court was unable to determine how much weight the trial court accorded an improper factor during sentencing).

¶ 18 As an initial matter, the State argues defendant forfeited review of his excessive sentencing claim because he failed to contemporaneously object to the issue at the sentencing hearing. See *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010) (holding that, to preserve claims for appeal, a defendant must make both a contemporaneous objection and file a written postsentencing motion raising the issue). Defendant did not make a contemporaneous objection at sentencing. Nevertheless, in his oral motion to reconsider sentence, he raised the lack of any allegation that defendant had been compensated, which the court interpreted as a challenge to its reliance on compensation as an aggravating factor. Further, in defendant's written motion to reconsider, he claimed the court improperly considered in aggravation "matters implicit in the offense." Thus, the trial court considered the question presented here. Therefore, despite defendant's forfeiture, we will address the issue.

¶ 19 The parties disagree as to the standard of review to be applied in this case. Citing *People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008), defendant argues we should review this case *de novo*. Citing *People v. Valadovinos*, 2014 IL App (1st) 130076, ¶ 48, the State argues the proper standard of review is abuse of discretion. Because defendant's claim fails under either standard, we need not decide this issue.

¶ 20 The trial court has broad discretion in imposing a sentence, and its sentencing decisions are afforded great deference because the trial judge " 'observed the defendant and the proceedings' " and is in a better position to weigh factors such as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v.*

*Alexander*, 239 Ill. 2d 205, 212-13 (2010). The reviewing court " 'must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently.' " *Id.* at 213 (quoting *People v. Stacey*, 193 Ill. 2d 203, 209 (2000)). However, we must interpret sentencing laws "in accord with common sense and reason" and not merely rubber-stamp the trial court's judgment, so as to "avoid an absurd or unduly harsh sentence." *People v. Allen*, 2017 IL App (1st) 151540, ¶ 1.

¶ 21    A sentence should reflect both the seriousness of the offense and the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; *People v. Neasom*, 2017 IL App (1st) 143875, ¶ 48. To that end, the trial court must consider all factors in aggravation and mitigation. *People v. McWilliams*, 2015 IL App (1st) 130913, ¶ 27. The trial court is presumed to consider "all relevant factors and any mitigating evidence presented" (*People v. Jackson*, 2014 IL App (1st) 123258, ¶ 48) but has no obligation to recite and assign a value to each factor (*People v. Perkins*, 408 Ill. App. 3d 752, 763 (2011)). The defendant bears the burden of making an affirmative showing that the sentencing court did not consider the relevant factors. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 14. For the following reasons, we find defendant has failed to meet that burden here.

¶ 22    Defendant was convicted of possession of a controlled substance with intent to deliver 1 gram or more but less than 15 grams of heroin, a Class 1 felony. 720 ILCS 570/401(c)(1) (West 2016). Due to his criminal background, the court was required to sentence him as a Class X offender, with a sentencing range of 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-95(b), 5-4.5-25(a) (West 2016). Because defendant's nine-year sentence falls within the statutory guidelines, it is presumed to be proper. See *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 23    Defendant nevertheless argues his sentence should be vacated because the trial court improperly considered compensation allegedly received by defendant, which is a factor implicit in the offense of possession with intent to deliver a controlled substance, as a factor in aggravation. See, *e.g.*, *People v. M.I.D.*, 324 Ill. App. 3d 156, 159 (2001) (finding potential or expected compensation to be a factor inherent in the offense of possession of a controlled substance with intent to deliver; "receipt of compensation (730 ILCS 5/5-5-3.2(a)(2) (West 1998)) is inherent in offenses involving the delivery of drugs; therefore, the defendant's sentence for a delivery offense should not be increased by this statutory factor").

¶ 24     "[A] factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). The reasoning behind this prohibition is that we assume the legislature, in determining the appropriate range of punishment for an offense, took into account the factors inherent in the offense. *People v. Gonzalez*, 151 Ill. 2d 79, 84 (1992). The court's use of one of those same factors as the basis for imposing a harsher penalty than might otherwise be imposed constitutes an improper double use of the single factor. *Id.* However, this rule is not intended to be applied rigidly, as sentences vary in accordance with the circumstances of the particular case. *Valadovinos*, 2014 IL App (1st) 130076, ¶ 47. Thus, in determining whether improper factors were considered, we focus on the entire record as opposed to a few words or statements made by the sentencing court. *Id.* "Even if the sentencing court mentions the improper fact, a defendant must show that the court relied on the particular improper fact when imposing the sentence." *Id.*

¶ 25    Defendant has not shown the trial court relied on an improper factor at sentencing. During the court's "pro forma" recitation of the factors in aggravation, it stated: "The defendant

received compensation for committing the offense. That is the charge itself." Citing these comments, defendant claims "the court stated [defendant] received compensation" for committing the possession with intent to deliver offense.

¶ 26 The court made no such statement. Its statement that "[t]he defendant received compensation for committing the offense" is a verbatim recitation of a statutory aggravating factor (see 730 ILCS 5/5-5-3.2(a)(2) (West 2016)), not a factual determination that defendant received compensation. Further, the court then stated, "[t]hat is the charge itself," reflecting its understanding that, although compensation can be an aggravating factor, here it is inherent in the charge. We do not find, as defendant claims, that these comments reflect that the court considered financial benefit to defendant as an aggravating factor.

¶ 27 Looking to the record as a whole reinforces this determination. The court recited two other statutory aggravating factors, both verbatim: "history of prior delinquency and criminal activity" (see *id.* § 5-5-3.2(a)(3)), which it concluded mandated the Class X sentence, and "[t]he sentence is necessary to deter others from committing the crime" (see *id.* § 5-5-3.2(a)(7)), which the court found of questionable use. The court followed this with a verbatim recitation of a number of statutory mitigating factors (see *id.* § 5-5-3.1(a)(1), (8), (9), (11)) and its conclusions regarding each factor. The court's statement that "[t]he defendant received compensation for committing the offense" is nothing more than a similar verbatim reading of a sentencing factor, not a finding that defendant was compensated.

¶ 28 Further, in responding to defendant's oral motion to reconsider sentence, the court addressed defendant's assertion that there was no allegation defendant received compensation. Interpreting defendant's point as "it's not a factor in aggravation," the court stated that "the idea that [defendant] was going to benefit is in the aggravation." It is unclear whether the court was merely noting that the circumstances of the offense, here the interrupted sale of heroin, can be properly considered in aggravation (see *People v. Bowman*, 357 Ill. App. 3d 290, 304 (2005) (sentencing courts may consider "the nature of the offense, including the circumstances and extent of each element as committed")) or whether it meant that it did, in fact, consider in aggravation any possible benefit or compensation defendant might have received from his intended delivery of the heroin. However, the court then specifically explained that its sentence was not "necessarily based on that. It's based on the other cases that [the court] explained and the State charges." Thus, even if we interpret the court's statement as acknowledging it considered benefit to defendant in aggravation, the record shows the court gave minimal, if any, weight to this factor. Accordingly, defendant has failed to affirmatively show that the trial court relied upon an improper factor in rendering its sentence. See *Valadovinos*, 2014 IL App (1st) 130076, ¶ 47.

¶ 29 We do not find a 9-year sentence excessive where it is only 3 years over the minimum; defendant had an extensive criminal history including seven prior felony convictions, for which he served terms of imprisonment up to 25 years; two prior convictions were for the same intent to deliver offense as at issue here; he was on parole at the time of the instant offense; he incurred another possession with intent to deliver charge while on bail in the instant case; and he both escaped electronic monitoring and failed to appear in court on the instant offense. See *People v. Hill*, 408 Ill. App. 3d 23, 29-30 (2011) (nonviolence and addiction did not mandate reduced sentence where defendant has 13 prior drug-related convictions); *People v. Evangelista*, 393 Ill. App. 3d 395, 399 (2009) ("criminal history alone" may "warrant sentences

substantially above the minimum").

¶ 30                                     CONCLUSION
¶ 31              For the foregoing reasons, we affirm the judgment of the trial court.

¶ 32              Affirmed.