2022 IL App (1st) 200021-U

No. 1-20-0021

Order filed June 9, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 9261 |
| | ) | |
| AISHA SMITH, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in sentencing defendant to three years' imprisonment for her third driving under the influence conviction.

¶ 2    Following a bench trial, the trial court found defendant Aisha Smith guilty of aggravated driving under the influence (DUI). Based on her two prior DUI convictions, the court sentenced defendant as a Class 2 felony offender to three years' imprisonment. On appeal, defendant

challenges her sentence as an abuse of discretion contending that it was excessive, failed to reflect her rehabilitative potential, and was contrary to the public good. We affirm.[1]

¶ 3    The State charged defendant with four counts of aggravated DUI and proceeded to trial on two counts. One count was premised on defendant having two prior DUIs and requested sentencing as a Class 2 felony offender (625 ILCS 5/11-501(a)(2), (d)(2)(B) (West 2018)), and the other count charged her with driving without possessing a valid driver's license (625 ILCS 5/11-501(a)(2), (d)(1)(H) (West 2018)).

¶ 4    At trial, the State called Chicago police officer Mohammed Ahmed to testify. On March 23, 2018, at approximately 3:25 a.m., Ahmed was on duty patrolling on North Laramie Avenue in Chicago when he saw a vehicle with a missing headlight. Defendant was driving. Ahmed and his partner conducted a traffic stop of the vehicle. Ahmed approached the man on the passenger side of the vehicle and noticed an open 42-ounce bottle of Olde English inside the vehicle. His partner approached defendant on the driver's side. Defendant was asked to step out of the vehicle when she could not produce her license or insurance. Ahmed noticed defendant had "slurred speech, [and] as she exited the vehicle, she immediately placed her hand on the door." Ahmed also noticed defendant was mumbling and, at times, did not respond appropriately to questions.

¶ 5    After obtaining defendant's name and processing it through a database, the officers learned her license had been revoked. They placed her in custody and requested a transport. Defendant did not want to perform any standardized field sobriety tests.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 6    When defendant arrived at the police station about 10 minutes later, Ahmed smelled a strong odor of alcohol emitting from her and observed her having difficulty stepping out of the police vehicle. After being Mirandized, defendant stated she had four beers that night. She refused to submit to a breathalyzer test. In Ahmed's opinion, defendant was driving under the influence of alcohol.

¶ 7    Ahmed reviewed defendant's driving record and learned she had been previously convicted twice for DUI offenses, resulting in her license being suspended and revoked.

¶ 8    On cross-examination, Ahmed stated when defendant pulled the vehicle over, she did not veer off, hit any parked cars, turn without signaling, drive too fast or slowly, or brake suddenly without explanation. He clarified that when defendant stepped out of the police vehicle at the station, she was handcuffed behind her back. While still at the scene, Ahmed told his partner that he could not smell alcohol. Ahmed acknowledged that an intoxicated individual exhibits behavioral clues, such as fighting with officers, hiccupping uncontrollably, and vomiting on oneself, but defendant did not display any of these.

¶ 9    On redirect examination, Ahmed stated that another behavioral clue of intoxication is the ability to follow directions, and defendant "not all the way, to somewhat" followed directions.

¶ 10    At the conclusion of Ahmed's testimony, body-worn camera video footage of Ahmed's interactions with defendant and a certified copy of defendant's driving record were admitted into evidence.

¶ 11    The trial court found defendant guilty on both counts of aggravated DUI. Defendant filed a posttrial motion to reconsider, arguing the State failed to prove her guilty beyond a reasonable doubt. The trial court denied the motion and proceeded to the sentencing hearing.

¶ 12    The presentence investigative report (PSI) prepared for defendant noted that she completed high school and later received a certified nursing assistant (CNA) certificate. Prior to her incarceration, defendant worked full-time and met her monthly financial obligations. The PSI indicated that defendant maintained close familial relationships with her siblings and three children. The PSI revealed defendant began drinking at 21 years old, and she described herself as a social drinker. Her drinking had not caused problems in her relationships or employment, until this case. The PSI summarized defendant's prior criminal history, which included convictions for theft/deception, driving on a suspended license, operating a vehicle without insurance, domestic battery, and resisting a peace officer. According to the PSI, defendant also completed court ordered substance abuse treatment for a prior DUI conviction.

¶ 13    In aggravation, the State summarized defendant's prior DUI offenses. In 2016, defendant received 12 months' supervision for her DUI conviction. In 2017, defendant was charged with an aggravated DUI offense for driving on a suspended or revoked license, which related to the 2016 DUI conviction. On January 18, 2018, defendant was sentenced to 24 months' conditional discharge for her second DUI conviction. The State highlighted that defendant had been on conditional discharge for approximately 60 days when, on March 23, 2018, she committed the aggravated DUI offense at bar. The State asked for a "reasonable sentence," noting defendant was eligible for probation on the Class 2 felony offense with a mandatory 10 days' imprisonment.

¶ 14    In mitigation, defendant highlighted the substantial changes she has made since her arrest, such as completing the required substance abuse treatment for the prior 2017 DUI conviction and moving away from her neighborhood, where she was "partying with friends, admittedly, too often." She helped care for her grandchildren and assisted getting her sister to her breast cancer

treatments. Defendant is a high school graduate and earned a CNA certificate. Until her recent incarceration for this offense, defendant maintained a full-time job and could return to her position if on probation. Defendant requested a sentence of probation and noted that she had already served the mandatory 10-day imprisonment.

¶ 15    Defendant made a statement in allocution, stating she had "really really changed since [she had] gotten in trouble" almost two years earlier. She had moved and no longer spent time with her former friends. She emphasized that she enjoyed working and would rather spend time with family than friends.

¶ 16    In sentencing defendant, the trial court stated it reviewed the PSI, heard the testimony, and considered information in aggravation and mitigation. The court recited defendant's educational and employment background, close familial relationships, and completion of treatment in mitigation. In aggravation, the court noted this was defendant's third DUI, and, specifically, an aggravated DUI offense based on the suspension or revocation of her driving privileges relating to the DUI from the prior year. The court did not believe probation was appropriate, considering defendant had twice been given probation for DUI cases within a "short period of time."

¶ 17    The court stated that, in addition to the factors in aggravation and mitigation, the cost of incarceration, and defendant's ability to be rehabilitated, it considered "the safety of the public at large of what could happen with someone driving drunk," someone for whom "not being incarcerated unfortunately ha[d] not worked." The court "fe[lt] that there [was] no option left at [that] point other than incarceration." The court merged the two aggravated DUI counts and sentenced defendant on the count premised on having two prior DUI convictions to three years' incarceration followed by two years of mandatory supervised release (MSR).

¶ 18    Defendant filed a motion to reconsider the sentence, arguing the sentence was excessive given her lack of criminal history. The court denied defendant's motion, and she timely appealed.

¶ 19    On appeal, defendant argues the trial court abused its discretion by sentencing her to imprisonment when she was eligible for probation. Defendant also contends that the sentence was excessive, failed to consider her rehabilitative potential, and was contrary to the public good.

¶ 20    As an initial matter, the State notes that according to the Illinois Department of Corrections (IDOC) website, defendant completed her term of imprisonment on March 13, 2020, and her MSR was scheduled to be completed on March 15, 2022.[2] Defendant only appeals her sentence and asks this court to reduce it from imprisonment to probation. However, because she has been released from incarceration, there is no effectual relief this court can grant defendant. Therefore, this appeal is arguably moot. *In re Shelby R.*, 2013 IL 114994 (an appeal is moot where events have occurred that foreclose the reviewing court from granting effectual relief to the complaining party); *People v. McNulty*, 383 Ill. App. 3d 553, 558 (2008) (a sentencing challenge is moot if the sentence is fully served). Mootness aside, we do not find that the trial court abused its discretion in sentencing defendant to a three-year prison term for her third DUI offense.

¶ 21    The trial court is afforded broad discretion when sentencing a defendant, and great deference is given to the imposed sentence. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000); *People*

---

[2]We confirmed on IDOC's website that defendant (inmate number Y40138) was released on parole for this offense on March 13, 2020; however, her sentence has not been discharged. See Ill. Dep't of Corrections, https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited May 9, 2022); see *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66 (taking judicial notice of the information on IDOC's website). The website shows defendant was again placed in custody on September 8, 2021, while presumably still on MSR for this offense, for another offense with a four-year sentence. Ill. Dep't of Corrections, https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited May 9, 2022).

*v. Cruz*, 2019 IL App (1st) 170886, ¶ 50. When a defendant challenges a sentence within the statutory limitations for the offense, the reviewing court will not disturb the sentence unless the trial court abused its discretion. *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 32; *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002). In the sentencing context, we will find an abuse of discretion where the imposed sentence "varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Jones*, 2019 IL App (1st) 170478, ¶ 50.

¶ 22    After reviewing the record on appeal, we do not find that defendant's three-year imprisonment sentence for her third DUI conviction constitutes an abuse of discretion. Defendant's two prior DUI convictions made her eligible for sentencing as a Class 2 felony offender for the instant offense, subjecting her to either a sentence of four years' probation with a mandatory 10-day incarceration for driving on a suspended or revoked license or a term of imprisonment. 625 ILCS 5/11-501(d)(2)(B) (West 2018); 730 ILCS 5/5-4.5-35(d) (West 2018); 730 ILCS 5/5-5-3(4) (West 2018). The imprisonment term for a Class 2 felony carries a minimum of three years and a maximum of seven years. 730 ILCS 5/5-4.5-35(a) (West 2018). Because defendant's three-year imprisonment sentence was within the permissible statutory range for her offense, the sentence is presumed proper unless defendant affirmatively shows otherwise. *People v. Williams*, 2019 IL App (1st) 173131, ¶¶ 21, 22.

¶ 23    In this case, defendant failed to make any affirmative showing that the trial court did not consider the relevant mitigation factors. *People v. Burton*, 2015 IL App (1st) 131600, ¶¶ 36, 38. In fact, the record shows the trial court expressly recited factors in mitigation and considered defendant's rehabilitative potential before imposing defendant's sentence. Specifically, the court

noted defendant's familial relationships, employment history, educational background, completion of treatment, and "lack of background." See *People v. Johnson*, 2020 IL App (1st) 162332, ¶ 95 (we will presume the circuit court considered all relevant mitigating facts absent some indication to the contrary); *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11 (circuit court is not required to recite every mitigating factor or state the weight assigned to each factor). The court properly acted within its discretion in weighing the mitigating factors against defendant's lack of rehabilitation from her previous two DUI convictions for which she received probation, noting the three DUI offenses occurred within a short period of time, and this DUI offense occurred while she was on conditional discharge.

¶ 24    Moreover, the trial court considered "the safety of the public at large of what could happen with someone driving drunk." See *Wilson*, 2016 IL App (1st) 141063, ¶ 11 (the seriousness of the offense, not the mitigating evidence, is the most important factor in sentencing); *People v. Sims*, 403 Ill. App. 3d 9, 24 (2010) (the need to protect the public may outweigh mitigating factors and the prospects of rehabilitation). The court explained that "there is no option left at this point other than incarceration" because defendant had previously received probation for her two prior DUI convictions within a "short period of time." See *Wilson*, 2016 IL App (1st) 141063, ¶ 13 (the court may consider whether the defendant was not deterred by previous, more lenient sentences); *People v. Little*, 2011 IL App (4th) 090787, ¶ 31 (the trial court determined that it had "little choice" but to sentence defendant to prison considering defendant's prior convictions that resulted in probation).

¶ 25    Although defendant argues the public good required the imposition of probation for this nonviolent offense, the trial court acted within its discretion in imposing the minimum sentence

under the sentencing guidelines for her Class 2 felony offense resulting from her third DUI. Defendant is essentially asking this court to reweigh the factors in mitigation and aggravation presented to the trial court and substitute our judgment for that of the trial court, which we cannot do. *Stacey*, 193 Ill. 2d at 209. Given that the trial court considered the seriousness of the offense and defendant's rehabilitative potential, the imposed sentence was not greatly at variance with the purpose and spirit of the law or disproportionate to the seriousness of the offense. *Stacey*, 193 Ill. 2d at 210; *Burton*, 2015 IL App (1st) 131600, ¶ 36.

¶ 26    The judgment of the circuit court of Cook County is affirmed.

¶ 27    Affirmed.