2025 IL App (1st) 231608-U

No. 1-23-1608

Order filed May 28, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 22 CR 3138 |
| BOBBY FORD, | ) ) ) | Honorable Adrienne E. Davis, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the trial court over defendant's contention that the court committed plain error in failing to properly admonish him before allowing him to proceed *pro se* posttrial.

¶ 2    Following a jury trial at which he proceeded *pro se*, defendant Bobby Ford was convicted of armed robbery and armed habitual criminal (AHC) and sentenced to concurrent terms of 35 years and 6 years in prison, respectively. He appeals, arguing the trial court committed plain error

by allowing him to represent himself during posttrial proceedings without fully admonishing him as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We affirm.[1]

¶ 3    In March 2022, defendant was charged by indictment with, in relevant part, three counts of armed robbery (720 ILCS 5/18-2(a)(2) (West 2022)) and one count of AHC (720 ILCS 5/24-1.7(a) (West 2022)).[2]

¶ 4    At his arraignment in April 2022, defendant requested to proceed *pro se*. The trial court provided defendant with a copy of the charging instrument and admonished him of the nature of the charges and sentencing ranges. It explained that he had a right to the assistance of counsel, who would have substantial experience and training and would provide important assistance in adhering to the technical rules of trial. It also cautioned that the State would be represented by experienced counsel and defendant might be at a disadvantage if he represented himself. It further warned defendant that he would not be able to appeal a conviction based on his own inadequate representation. Defendant confirmed he wished to waive his right to counsel and to represent himself. The court allowed him to proceed *pro se*.

¶ 5    On June 2, 2022, the court considered and denied defendant's *pro se* pretrial motion to dismiss charges or, in the alternative, to quash arrest. In response, defendant said, "I am going to continue in my demand [for trial] and I am asking for counsel. You just explained things, said things to me that I don't understand." The court appointed the public defender and continued the case. Then, on June 13, 2022, defendant told the court he wished to represent himself again. The

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2]Prior to trial, the State nol-prossed three additional counts of aggravated unlawful use of a weapon and one count of unlawful use or possession of a weapon by a felon.

court readministered the admonishments, reminding him of the "grave danger" of self-representation, and permitted him to proceed *pro se*.

¶ 6    The case was set for trial on August 5, 2022. That day, the State advised the court that plea negotiations failed, as defendant rejected an offer of 15 years in prison without making a counteroffer. The court reviewed the charges and sentencing ranges and emphasized that, if found guilty, defendant faced a minimum sentence of 21 years on the armed robbery charge. Defendant responded, "I'm not taking that offer." After the court denied defendant's request for standby counsel, he asked to speak to a public defender. An assistant public defender conferred with defendant and informed the court that he could take the case if given time to prepare, but defendant wanted to proceed to trial that day.

¶ 7    The court admonished defendant of his rights for the third time, saying, "[I]n fact, I'm going to completely regive you the *pro se* admonishments." It advised him of his right to counsel and emphasized the benefits of counsel. The court asked again whether defendant wanted counsel appointed, and defendant answered, "I turned them down [be]cause they didn't wan[t to] do what I was asking them to do." The court stated, "All right. The Court finds that [defendant] is once again rejecting the Law Office of the Public Defender." Defendant proceeded to trial *pro se*.

¶ 8    The evidence at trial showed that on the night of February 22, 2022, defendant was working as a delivery driver for Margarita's Pizzeria in Chicago alongside manager Mariah Haro and cashiers Lucia Benavente and Keondre Rollins. At the restaurant, delivery drivers would sign a list and wait in a designated area to receive orders. The manager would give each driver a $15 "payout" after completion of a 7-hour shift.

¶ 9    That day, defendant was skipped over for some deliveries because he was waiting in his vehicle instead of the designated driver area. Defendant entered the restaurant and yelled at Haro to give him the $15 payout, but she refused because he had not finished his shift. Defendant called Haro "the B word" and left, saying he would get his money "one way or another."

¶ 10    About 15 minutes later, defendant returned to the restaurant lobby, wearing a mask and latex gloves and "raging." Haro went to the cash register and removed the large bills. Defendant kicked open the locked door separating the lobby from the cashier area. He drew a semiautomatic firearm, pushed Benavente out of the way, pointed the firearm at Haro, and demanded money. Haro moved aside, and defendant took money from the cash register. As he passed by, defendant struck Rollins in the head with the firearm. Rollins, "dazed" and "mad," grabbed defendant, pried the firearm from defendant's hand, and dropped it. As defendant and Rollins struggled for the firearm on the floor, it discharged, striking a refrigerator. Rollins and a customer continued struggling with defendant and took the firearm from him. Police arrived and arrested defendant. Haro later found $24 missing from the cash register.

¶ 11    The State published video from the restaurant's surveillance cameras showing defendant taking money from the cash register while armed with a firearm. It also entered into evidence certified copies of defendant's prior convictions for robbery in 2004 and 1992.

¶ 12    Defendant testified that he did not intend to rob anyone at Margarita's Pizzeria that night and that he took only the $15 that "belonged to" him for his end-of-shift payout. The court then denied his motion for a directed verdict.

¶ 13    The jury found defendant guilty of one count of armed robbery of Haro and AHC, and not guilty of the remaining counts of armed robbery.

¶ 14    On August 15, 2022, the trial court asked defendant if he wanted the public defender to represent him at sentencing. Defendant responded, "Yeah." The court appointed the public defender and ordered a presentence investigative (PSI) report.

¶ 15    On January 10, 2023, the assistant public defender requested additional time to review the transcripts. Defendant said, "I don't want that," and requested to represent himself again. The trial court began admonishing defendant, but he refused to answer questions. The court did not grant defense counsel leave to withdraw at that time.

¶ 16    On January 18, 2023, defendant again asserted he wanted to represent himself. The court stated, "All right. And, Mr. Ford, I know I have given these admonishments before but I do have to give them to you again." The court proceeded to advise defendant of his right to counsel and of the benefits of counsel, but it did not remind him of the charges and sentencing range. After defendant confirmed that he wanted to represent himself, the court granted the public defender leave to withdraw. Defendant requested transcripts, and the court continued the case.

¶ 17    On May 9, 2023, defendant again requested appointment of counsel. The trial court appointed the public defender and continued the case. At the next court date on May 18, 2023, defendant said he no longer wanted counsel, and the court—without admonishing defendant further—granted the public defender leave to withdraw.

¶ 18    On May 24, 2023, as the court began addressing posttrial motions, defendant requested "effective appellate counsel." The court explained that appellate counsel was not appropriate at that stage and asked whether defendant wanted appointment of the public defender. Defendant said he did not want the assistant public defender who had represented him before. He asked if the court

could appoint a private attorney, and the court said no. The court then considered and denied defendant's posttrial motions and continued the case for sentencing.

¶ 19     On June 9, 2023, defendant represented himself at the sentencing hearing.

¶ 20     Defendant's PSI report documented an extensive criminal history including—between 1981 and 2011—five convictions for robbery, two convictions for aggravated robbery, one conviction for attempted robbery, seven convictions for theft, one conviction for deceptive practice, one conviction for battery, one conviction for possession, and one conviction for criminal contempt of court. Defendant had refused to answer most of the interviewer's questions but reported he had a "terrible" childhood and little family support.

¶ 21     The State noted a correction to the PSI report, which did not reflect that defendant was convicted in 2022 of aggravated battery of a peace officer. At that jury trial, according to the State, defendant represented himself but did not appear for the verdict and sentencing hearing. He was sentenced *in absentia* to seven years in prison. A warrant had issued and was still outstanding.

¶ 22     The State asked for "a substantial penitentiary sentence," noting defendant's "over 40 years of criminal behavior." In mitigation, defendant said that he "never took anything that didn't belong to" him, that he did not intend to rob anyone, and that Rollins had threatened him. He asked the court to consider that he was 60 years old and not a danger to anyone.

¶ 23     The court stated that it considered defendant's reasonable behavior during trial and his age as mitigating factors but acknowledged his prior convictions for robbery and aggravated robbery. It imposed 20 years in prison for armed robbery plus a 15-year firearm enhancement, along with a concurrent term of 6 years for AHC, for an aggregate term of 35 years. Defendant said, "I don't understand [any] of what you just said. *** I need someone that knows what's going on." The

court appointed the public defender for purposes of a motion to reconsider the sentence. Our record on appeal does not contain a motion to reconsider.

¶ 24    On appeal, defendant argues solely that the trial court failed to comply with Rule 401(a) when it allowed him to represent himself posttrial without first advising him of the nature of the charges and the sentencing range.

¶ 25    As defendant acknowledges, he failed to object contemporaneously or by written postsentencing motion and therefore forfeited the issue. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, he asserts we may review the court's admonishments for plain error.

¶ 26    In his opening brief, defendant argued his claim is reviewable under the second prong of plain error and cited appropriate authority. Soon after, however, our supreme court held that Rule 401(a) violations are properly reviewed under the first prong. See *People v. Ratliff*, 2024 IL 129356, ¶ 43. In his reply brief, defendant contends his claim is nonetheless reviewable under the first prong because the evidence at sentencing was closely balanced where he "only took the amount of money he thought he was owed," his "prior longest sentence was only 14 years for a 2011 conviction," and his age reduced his risk of recidivism.

¶ 27    The first step under either prong of plain error review is to determine whether any clear or obvious error occurred. *People v. Reese*, 2017 IL 120011, ¶ 60. In the sentencing context, a defendant must show that either (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious that the defendant was denied a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. We will consider a forfeited claim under the first prong if "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). That

is, the defendant must show the error prejudiced him. *Id.* at 566. The defendant bears the burden of persuasion. *Reese*, 2017 IL 120011, ¶ 69.

¶ 28     A criminal defendant has a constitutional right to represent himself if he makes a clear and unequivocal request, and he knowingly and intelligently relinquishes his right to counsel. *People v. Baez*, 241 Ill. 2d 44, 115-16 (2011) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). Rule 401(a) requires that, before accepting a defendant's waiver of his right to counsel, the trial court must ensure that the defendant understands (1) the nature of the charges, (2) the sentencing range, and (3) the right to counsel and to have counsel appointed due to indigency. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). "[S]ubstantial compliance" with the rule will suffice where the record shows a defendant's waiver was knowing and voluntary and the admonishments received did not prejudice his rights. *People v. Wright*, 2017 IL 119561, ¶ 41. We review *de novo* whether a trial court properly admonished a defendant. *People v. Washington*, 2016 IL App (1st) 131198, ¶ 50.

¶ 29     After reviewing the record, we find that, although the trial court erred by failing to repeat the full Rule 401(a) admonishments posttrial, the error did not prejudice defendant because the evidence at sentencing was not closely balanced.

¶ 30     The record shows that, after trial in August 2022, defendant requested and was appointed counsel for sentencing purposes. In January 2023, defendant requested to represent himself again. The court admonished defendant of his right to counsel and allowed counsel to withdraw. In May 2023, defendant again requested and was appointed counsel, but he changed his mind and proceeded *pro se* at the following court date and remained self-represented through sentencing in June 2023. Crucially, the court did not admonish defendant of the charges or the sentencing range when defendant requested to proceed *pro se* in January and May 2023.

¶ 31    Under the "continuing waiver" rule, a valid waiver of counsel generally remains in effect throughout proceedings, including posttrial, with two exceptions: (1) when the defendant later requests counsel or (2) when other circumstances suggest the waiver was limited to a particular stage of the proceedings. *Id.* ¶ 59. Where, as here, "a defendant waives counsel, proceeds *pro se*, requests counsel for a distinct stage of the proceedings, receives counsel, and then decides to waive counsel *again*, the trial court must readmonish the defendant." (Emphasis in original and internal quotation marks omitted.) *Id.* ¶ 60.

¶ 32    This case resembles *Washington*, in which the defendant was properly admonished prior to trial and represented himself at trial. *Id.* ¶ 56. Posttrial, however, he requested and was provided counsel, only to twice change his mind in the following weeks. *Id.* ¶¶ 63-64. Ultimately, the trial court dismissed the defendant's attorney and allowed him to proceed *pro se*, but it did not admonish him again regarding the nature of the charges and the sentencing range. *Id.* ¶¶ 62, 65. This court remanded for a new sentencing hearing, finding the defendant's later request for counsel had voided the continuing waiver rule, and the trial court erred by failing to provide complete admonishments again before allowing him to proceed *pro se*. *Id.* ¶ 68; see also *People v. Martin*, 2021 IL App (4th) 180267, ¶¶ 36-38 (same, citing *Washington*).

¶ 33    Here, the trial court provided all admonishments required by Rule 401(a) on multiple occasions: in April 2022, in June 2022, and just before commencing trial on August 5, 2022. After trial, defendant requested and was appointed counsel twice, which "voided" his pretrial waiver. See *Washington*, 2016 IL App (1st) 131198, ¶ 68. Just as in *Washington*, defendant "vacillated numerous times" during posttrial proceedings, creating "an extremely formidable task" for the trial court. See *id.* ¶ 66. However, although the trial court properly informed defendant of his right to

counsel and urged him to accept, it did not review the nature of the charges and sentencing range when it accepted his waiver in January and May 2023. It thus did not substantially comply with Rule 401(a) when it allowed defendant to proceed *pro se* to sentencing. See *id.* ¶ 68. This was error.

¶ 34    Nonetheless, defendant cannot prevail under the first prong of plain error review because he has not shown the error was prejudicial. See *Piatkowski*, 225 Ill. 2d at 566 (defendant must show prejudice on first-prong plain error review).

¶ 35    Armed robbery with a firearm is a Class X felony with a sentencing range of 6 to 30 years' imprisonment and a mandatory firearm enhancement of 15 years. See 720 ILCS 5/18-2(a)(2), (b) (West 2022); 730 ILCS 5/5-4.5-25(a) (West 2022). Defendant thus faced an aggregate sentencing range of 21 to 45 years. He received an aggregate sentence of 35 years: 20 years plus the 15-year enhancement for armed robbery, with a concurrent 6-year term for AHC. See 720 ILCS 5/24-1.7(a) (West 2022); 730 ILCS 5/5-4.5-25(a) (West 2022). Defendant's sentence was thus in the mid-range.

¶ 36    A sentence within the statutory range is presumed proper. See *People v. Webster*, 2023 IL 128428, ¶ 21. The mitigating factors defendant raises in his reply brief—that he "only took the amount of money he thought he was owed," his "prior longest sentence was only 14 years for a 2011 conviction," and his age—were outweighed by his extensive criminal history comprising 20 convictions across 41 years. These included five prior convictions for robbery, two for aggravated robbery, and one for attempted robbery.

¶ 37    Given this record, we cannot say the evidence at sentencing was closely balanced. See *People v. Hall*, 195 Ill. 2d 1, 18-19 (2000) (despite evidence in mitigation, defendant's criminal

history and the seriousness of the crime rendered sentencing factors not closely balanced); see also *People v. Williams*, 2019 IL App (1st) 173131, ¶ 29 (criminal history alone may warrant a sentence above the minimum). As such, the trial court's deficient Rule 401(a) admonishments could not have "tip[ped] the scales of justice" against defendant at his sentencing hearing. See *Piatkowski*, 225 Ill. 2d 551 at 565.

¶ 38    Defendant argues he was nonetheless prejudiced because he "would have been able to make a fully informed decision about whether he wanted to represent himself" if he had received the full admonishments anew. He does not argue that he might have received a lighter sentence had he been represented by counsel, and nothing in the record indicates as much. Moreover, nothing in the briefs or record indicates defendant might have chosen differently had he received full admonishments posttrial. See *Wright*, 2017 IL 119561, ¶ 56 (defendant not prejudiced by court's misstatement of the maximum sentence during Rule 401(a) admonishments where he did not assert he would have chosen differently if told the correct maximum); see also *People v. Johnson*, 119 Ill. 2d 119, 134 (1987) (same, where court failed to state minimum sentence during Rule 401(a) admonishments). Because defendant has not carried his burden to show the court's error in administering Rule 401(a) admonishments posttrial prejudiced him, he has not established first-prong plain error.

¶ 39    For these reasons, we affirm the judgment of the trial court.

¶ 40    Affirmed.